LESLIE ANGELINI and ANDREW KOPYLEC, Petitioners, v. The COURT OF COMMON PLEAS IN AND FOR NEW CASTLE COUNTY, and the HONORABLE A. JAMES GALLO and ROBERT WAHL, sitting as Judges of the said Court and the MUNICIPAL COURT OF THE CITY OF WILMINGTON and the HONORABLE THOMAS HERLIHY, JR., and SIDNEY J. CLARK, sitting as Judges of the said Court, Respondents.

*November* 17, 1964.

WOLCOTT and CAREY, Justices, and STIFTEL, Judge, sitting.

*Victor F. Battaglia,* of Theisen & Lank, for petitioners.

*Charles F. Richards Jr.,* Deputy Atty. Gen., for respondents.

Supreme Court of Delaware. No. 76, 1964.

CAREY, Justice.

The petitioners filed an action in the Superior Court seeking a writ of prohibition to restrain the respondent Courts from proceeding further with various criminal charges pending against them. These charges were alleged violations of certain provisions of T. 21 Ch. 41, our traffic regulations or "rules of the road," committed prior to June

5, 1964. By 54 L. of D. Ch. 160, approved on December 5, 1963, those "rules of the road" were repealed and new ones adopted, although the language of many were in fact unchanged. The new statute became effective six months after approval by the Governor, i. e., June 5, 1964. Petitioners maintain that there is no saving clause in the new Act permitting prosecution of violations which occurred before its effective date, and that such violations therefore cannot be further prosecuted.

The Superior Court certified to us the following questions for decision:

"1. Did Chapter 160, Vol. 54, Del. Laws repeal the provisions in Title 21, Chapter 41, *Del. C.* —Rules of Road—so that proceedings pending on the effective day of Chapter 160, Vol. 54 Del. Laws could not be further prosecuted?

"2. Is Section 5 of Chapter 160, Vol. 54 Del. Laws to be construed as a 'savings clause' thus keeping effective any criminal prosecution pending at the time that Chapter 160, Vol. 54 Del. Laws became effective in accordance with its provisions?"

We accepted certification because the disposition of a very considerable number of cases pending in various trial Courts has been stayed pending determination of these questions.

54 L. of D.Ch. 160 contains a lengthy preamble reciting that our traffic regulations required modernizing and revising so as to make them uniform with those of other states; the purpose of this act is to accomplish that result. Section 1 commences with these words: "Chapter 41 Title 21 of the *Delaware Code,* is repealed and a new Chapter 41 and a new Chapter 42 are inserted in lieu thereof * * *". Section 5 provides: "This act shall not have a retroactive effect and shall not apply to any traffic accident, to any cause of action arising out of a traffic accident or judgment arising therefrom or to any violation of the motor vehicle laws of this State, occurring prior to the effective date of this Act."

Respondents do not dispute the proposition that, where a

criminal statute is repealed and there is no express or implied savings clause, all actions which have not attained final judgment are to be terminated. They contend, however, that Section 5 is a savings clause which preserves all pending criminal proceedings. We agree. The section states that the Act shall not apply to "any violation of the motor vehicle laws of this State, occurring prior to the effective date of this Act." A part of "this Act" was the repealer clause, and Section 5 applies to that repealer as well as to the other parts of the statute. In other words, the repealer itself has no effect upon violations occurring prior to June 5, 1964.

Petitioners contend, however, that Section 5 does not preserve pending criminal prosecutions because it does not specifically say so; that criminal statutes are to be construed strictly in favor of a defendant; and that Section 5 is ambiguous and must be given that interpretation most favorable to petitioners. They suggest that the only purpose of the quoted language is to insure that no prior violation should be prosecuted under the new provision. There are at least two answers to these contentions. First, there is no requirement that a savings clause be couched in any specific language; Crawford on Statutory Construction Sec. 300; any language will suffice which fairly shows a legislative intent not to forgive prior violations. Secondly, if we accept arguendo the suggestion that the clause is capable of two interpretations, we would unhesitatingly construe Section 5 contrary to petitioners' theory.

The object of construction is to ascertain the legislative intent from the language used. Strict construction of a statute is more in the nature of an aid than an end; it cannot be relied upon as a single, precise formula for solving a problem. It does not eliminate from consideration other guides to interpretation. *Blaustein v. Standard Oil Co.,* 4 Terry 449, 49 A.2d 726. It is a fallacy to say that, if the statute can have two meanings, the Court must automatically accept that meaning which is favorable to a defendant. Thus, the rule of strict construction does not prevent consideration of the general purpose of the Legislature and the acceptance of that meaning which best harmonizes with the statutory design; likewise, it does not require an

unreasonable construction, or one which results in an injustice which the Legislature should not be presumed to have intended. 50Am.Jur.436 etc.

In the present case, the stated purpose of the Legislature was to make our motor vehicle laws substantially uniform with those of other states in order to promote safety and transportation efficiency. Obviously, that purpose would not be served, but would actually be harmed, by interpreting the clause in the manner suggested by petitioners. Furthermore, such an interpretation would impute to the Legislature an intent to discriminate without a reasonable basis therefor, i.e., an intent, formed six months in advance, to punish those offenders whose cases were concluded within the six-month period, but to forgive those whose cases could not be disposed of during that time. We are unwilling to ascribe to our lawmaking authorities any such discriminatory intent when the language used by them is reasonably capable of a contrary construction.

We neither approve nor disapprove the holding in *State v. McGonigal, Del. Super.,* 189 A.2d 670, but simply note that the statute there involved contained no provision similar to Section 5 of the present act. We likewise refrain from commenting upon a theory advanced by respondents, to the effect that a preservation of pending prosecutions is implied from the reenactment of new regulations simultaneously with repeal of the old ones.

Question No. 1 will be answered in the negative and question No. 2 will be answered in the affirmative.