**STATE OF DELAWARE ex rel. Ralph H. TRADER, Jr., Adjutant, Veterans of Foreign Wars of the United States, Department of Delaware, District No. 1, Plaintiff,**

v.

**William M. HODSDON, Defendant.**

**Civ. A. No. 3261.**

United States District Court
D. Delaware.

March 16, 1967.

Ruth M. Ferrell, Deputy Atty. Gen., Wilmington, Del., for plaintiff.

Emmett J. Conte, Jr., Wilmington, Del., for defendant.

OPINION

CALEB M. WRIGHT, Chief Judge.

In this action the State of Delaware seeks a temporary restraining order, a preliminary injunction, and after final hearing, a permanent injunction against William M. Hodsdon. Hodsdon has been flying the flag of the United Nations above and to the right of the American flag in front of his residence. The State of Delaware contends that this conduct violates 36 U.S.C.A. § 175(c) (1953).[1]

1. "The flag, when carried in a procession with another flag or flags, should be ei-
ther on the marching right; that is, the flag's own right, or, if there is a line of

The defendant has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court has concluded that the defendant's motion must be granted.

■ The Court starts with the proposition that the United States District Courts are courts of limited jurisdiction.

"There are limitations upon the jurisdiction of all courts—federal and state. But there is an important distinction between the jurisdictional status of these dual judicial systems. A baseline state court is a court having general jurisdiction over actions at law and/or suits in equity. Federal courts, on the other hand, have a jurisdiction that is limited in two respects. First, federal judicial power embraces only the matters enumerated in the Constitution. Second, aside from the Supreme Court, federal courts have only that jurisdiction which Congress, acting within the limits of the Constitution, confers upon them." 1A Moore, Federal Practice ¶ 0.60 [3] (2d ed. 1964).

In this action the State of Delaware has cited no special statute which confers jurisdiction upon this Court. Nor could the State cite such a provision for Title 36 does not contain a provision conferring jurisdiction upon the District Courts. Accordingly, the jurisdiction of this Court must rest upon the general federal question provision. 28 U.S.C.A. § 1331 (1958).[2] Section 1331 provides for general federal question jurisdiction when the amount in controversy exceeds $10,000. Assuming, for the moment that this is an action "arising under the laws of the United States", there is no allegation in the complaint that the amount in controversy exceeds the jurisdictional amount.

■ It is generally recognized that the determination of the amount in controversy is to be made from the vantage point of the plaintiff's damages. 1A Moore, Federal Practice ¶ 0.91 [1], ¶ 0.96 [2] (2d ed. 1964). In the instant case it is difficult to conceive of any pecuniary damage to the State of Delaware or its citizens. The Court does not doubt that the actions of the defendant, to the extent that they disparage the American flag, have aroused genuine emotions among portions of the citizenry. With such feelings the Court can readily sympathize. However, the statutes of the United States require that the pecuniary threshold be crossed in federal question litigation. The plaintiff has not demonstrated that the threshold has been crossed.

■ The plaintiff seeks to remedy the jurisdictional deficiency by invoking the Court's "general equity jurisdiction" and Rule 65 of the Federal Rules of Civil Procedure.[3] The short answer to these arguments is that the United States District Courts have no "general equity jurisdiction" absent a specific statutory provision. Rule 65, which relates to the issuance of injunctions, merely sets forth the procedures for obtaining injunctive relief, and is unrelated to the issue of the Court's jurisdiction.

---

other flags, in front of the center of that line.

\*   \*   \*   \*   \*

"(c) No other flag or pennant should be placed above or, if on the same level, to the right of the flag of the United States of America, except during church services conducted by naval chaplains at sea, when the church pennant may be flown above the flag during church services for the personnel of the Navy. No person shall display the flag of the United Nations or any other national or international flag equal, above, or in a position of superior prominence or honor to, or in place of, the flag of the United States at any place within the United States or any Territory or possession thereof: \*   \*   \*."

2. "(a) The district court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. See paragraph 1 of the Complaint.

**310**

■ There is yet another reason for dismissing the complaint herein. The action is founded upon the defendant's alleged violation of 36 U.S.C.A. § 175(c) (1953). Title 36 is not intended to proscribe behavior. It is fashioned as an expression of prevalent custom regarding the display of the American flag. Section 173 thereof so states:

"The following codification of existing rules and customs pertaining to the display and use of the flag of the United States of America is established for the use of such civilians or civilian groups or organizations as may not be required to conform with regulations promulgated by one or more executive departments of the Government of the United States."

It is apparent that the sections are a codification of existing "rules and customs" and are intended for the "use" of people not required to conform with other regulations. If the purpose is to compel certain behavior then the selection of the word "use" is odd draftsmanship. Further, § 175(c) provides that "no other flag * * * should be placed above" the American flag. Again, a strange choice of language if the codification is intended to mandate behavior and not merely to influence it.

Further, whenever in Title 36 certain behavior was intended to be absolutely proscribed a specific section followed attaching penalties. For example, § 182(a–c) relates to service lapel buttons and who is entitled to wear them. Immediately following these sub-sections appears § 182d which provides the penalties for violation of § 182(a–c). If Congress specifically provided for penalties to attach to § 182(a–c) and did not so provide with regard to § 175 then the implication is clear that § 175 was intended merely as an expression of proper usage, not to mandate behavior.

■ The plaintiff cites the case of Doyle v. Fleming, 219 F.Supp. 277 (D. Canal Zone 1963), for the proposition that the District Courts have jurisdiction over Title 36 violations. The Court therein did not consider the jurisdictional question, nor did it expressly pass on the interpretation to be given to § 175 (c). However, as pointed out in the Court's opinion, the District Court for the Canal Zone is not a regularly constituted District Court. 219 F.Supp. at 280. The customary limitations upon the jurisdiction of United States District Courts do not apply to such territorial courts. For this reason the *Doyle* case is distinguishable.

Finally, assuming, *arguendo*, that § 175(c) was intended to have the effect of statutory law there is no provision in Title 36 permitting a state or a private party to sue to compel compliance with its directives. Absent specific statutory authorization the right and duty to compel compliance is lodged exclusively with the Federal Government and its Attorney General.

This does not mean that the State is remediless; merely that it has misconceived its remedy. If the State wishes to vindicate what it conceives of as an "irreparable harm to the citizens of Delaware" it need look no farther that its own statutory law to find authorization for such an action.

"Whoever publicly mutilates, defaces, defiles, defies, tramples upon or casts contempt either by word or act, upon any such flag, standard, color or ensign—

"Shall be fined not more than $100 or imprisoned not more than 30 days, or both." 11 Del.C. § 532 (1953).

■ The proper arena for the vindication of the patriotic sensibilities of the citizens of Delaware is the courts of that State. And, the proper mechanism to sanction behavior offensive to the citizenry of Delaware is the duly enacted statutory law of that State.

In accordance with the foregoing opinion, the motion to dismiss shall be granted.

Submit order.