Commonwealth *v.* Haugh, Appellant.

Argued April 29, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harry E. Sprogell,* for appellant.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1970:

Appellant and a codefendant were convicted, by a judge sitting without a jury, of desecrating the American flag. See Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4211 (Supp. 1970). An appeal to the Superior Court resulted in an affirmance of his conviction, see 215 Pa. Superior Ct. 160, 256 A. 2d 874

(1969) (per curiam without opinion, Hoffman, J., dissenting) and we granted allocatur. We now reverse the order of the Superior Court, reverse the judgment of sentence, and discharge appellant.

The facts are not in dispute. On July 4, 1967, appellant and several others participated in a demonstration at State College, protesting the involvement of the United States in the Viet Nam War. Appellant exposed to public view a flag of the United States on which were printed the words "Make Love Not War" and "The New American Revolutionaries."

Appellant initially urges that we strike down Pennsylvania's flag desecration statute as an unconstitutional restraint on First Amendment rights. See, e.g., *Bachellar v. Maryland,* 397 U.S. 564, 90 S. Ct. 1312 (1970); *Street v. New York,* 394 U.S. 576, 89 S. Ct. 1354 (1969); *Tinker v. Des Moines Independent Community School District,* 393 U.S. 503, 89 S. Ct. 733 (1969); *United States v. O'Brien,* 391 U.S. 367, 88 S. Ct. 1673 (1968); *West Virginia State Board of Education v. Barnette,* 319 U.S. 624, 63 S. Ct. 1178 (1943); *Stromberg v. California,* 283 U.S. 359, 51 S. Ct. 532 (1931); *Hodsdon v. Buckson,* 310 F. Supp. 528 (D. Del. 1970). We do not reach this issue, however, for there is a more narrow, nonconstitutional, ground upon which we may rest our decision.

The relevant portion of the statute under which appellant was convicted is: "Whoever, in any manner, places . . . any word . . . upon any flag . . . of the United States . . . or publicly . . . casts contempt either by words or act upon, any such flag . . . is guilty of a misdemeanor . . . . This section does not apply to . . . any patriotic or political demonstration or decorations."

Appellant was obviously participating in a demonstration concerning a political issue, and the trial court so found. We hold, therefore, that the Legislature, by

excepting a "patriotic or political demonstration," did not make illegal appellant's conduct. We choose this course of statutory construction because if we held that this demonstration was not a "political demonstration" within the meaning of the statute, we would then be faced with serious questions involving the constitutionality of this statute.

The statute does not punish placing words upon the flag if such action takes place in connection with a "political demonstration." If the demonstration involved here was not "political," it would then become extremely difficult to say what demonstrations are, or are not, political. The line between demonstrations at which appellant's conduct could be punished, and demonstrations at which it could not, would be so vague and uncertain as to be "a matter for guesswork." Amsterdam, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U. Pa. L. Rev. 67, 76 (1960). Thus a construction of the statute which would hold appellant's demonstration to be not political would render the statute violative of due process, because of the "lack of fair warning and of a standard for the adjudication of guilt." Id.

There is, of course, one plausible line which could define appellant's conduct as being not political, and do so without much guesswork. That line would define a "political demonstration" as one which is conducted either by the government or traditional political parties. We see no indication, however, that "political demonstration" is to be given a meaning narrower than its commonly accepted one. See, e.g., Webster's Unabridged Dictionary at 1909 (2d Ed. 1954). Compare *Schacht v. United States*, 398 U.S. 58, 90 S. Ct. 1555, 1558 (1970) (holding that Congress, by excepting "theatrical productions" from statute making it an offense to wear military uniforms without authority, did not intend to protect only a narrow cate-

gory of professionally produced plays). Further, we choose not to draw such a narrow line, for such a distinction would be an arbitrary one and would result in a denial of equal protection.

In reaching the result we do today, we do not decide whether the Legislature can constitutionally punish appellant's conduct, or whether appellant was unconstitutionally denied his right to counsel.

The order of the Superior Court is reversed, judgment of sentence of the Criminal Court of Centre County is reversed, and the appellant is discharged.

Mr. Justice COHEN and Mr. Justice EAGEN concur in the result.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.