## Commonwealth *v.* Lorenc, Appellant.

Argued June 18, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*W. J. Krencewicz,* for appellant.

*Paris J. DeSantis,* Assistant District Attorney, with him *Richard B. Russell,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

---

CONCURRING OPINION BY SPAULDING, J.:
I concur.

Appellant Edward Lorenc appeals from a conviction on a charge that "he did wilfully cast contempt upon the flag of the United States by displaying a large Communist-type flag with a hammer and sickle upon the same staff and above the flag of the United States of America."[1]  Appellant was tried and found guilty by

---

[1] The prosecution was brought pursuant to the Act of June 24, 1939, P. L. 872, §211, as amended, Act of August 8, 1967, P. L. 201, §1, 18 P.S. §4211.

"Whoever, in any manner, for exhibition or display, places or causes to be placed any word, figure, mark, picture, design, drawing, or any advertisement, of any nature, upon any flag, standard, color or ensign of the United States, or of this State; or exposes or causes to be exposed to public view any such flag, standard, color or ensign upon which shall be printed, painted or otherwise placed, or to which shall be attached, appended, affixed or annexed, any word, figure, mark, picture, design or drawing or any advertisement, of any nature; or exposes to public view, manufactures, sells, exposes for sale, gives away, or has in possession for sale or for gift, or for use, for any purpose, any article or substance, being an article of merchandise or a receptacle of merchandise, upon

the Honorable Harold L. PAUL and a jury in the Court of Common Pleas of Schuylkill County. His motions for a new trial and in arrest of judgment were denied and the maximum sentence of six months imprisonment was imposed. This appeal followed.

The relevant facts are not in dispute. Appellant is the owner and operator of a service station in Cumbola, Pennsylvania. His difficulties apparently began when the local school board refused to pay a $2200 bill which appellant claimed due. In an attempt to secure payment as well as embarrass the board appellant prominently displayed a sign to the effect that the bill was still outstanding. It attracted considerable attention and one of appellant's customers suggested that a more effective way of showing his displeasure would be to hang a "Russian flag" in front of his station. Believing that this would be an excellent way of "casting shame" upon the school board as well as publicizing his grievance, appellant promptly displayed a flag consisting of a red base and white hammer and sickle. He flew the flag above the American flag on a staff located directly in front of his station. A citizen's complaint was received by the State Police and an Officer Oberholtzer visited appellant's premises and ordered him to

which shall have been printed, painted, attached or otherwise placed a representation of any such flag, standard, color or ensign, to advertise, call attention to, decorate, mark or distinguish, for the purpose of sale, barter or trade, the article or substance on which so placed; or publicly or privately mutilates, defaces, defiles or tramples upon, or casts contempt either by words or act upon, any such flag, standard, color or ensign, is guilty of a misdemeanor, and upon conviction, shall be sentenced to pay a fine not exceeding two hundred dollars ($200), or undergo imprisonment for not more than six (6) months, or both.

. . .

"This section does not . . . apply to any patriotic or political demonstration or decorations."

remove this "red" flag.[2]  Appellant refused and was subsequently arrested, tried and convicted.

Appellant contends in this appeal that (1) his actions constituted a "political demonstration" and were thus specifically exempted by the Act, (2) that the trial court's charge to the jury was both inadequate and highly prejudicial, (3) that the lower court committed reversible error when it refused to even look at appellant's points for charge[3] and, (4) that the Pennsylvania "flag desecration" statute is unconstitutional.

Although appellant's act cannot be considered commonplace, this type of *symbolic protest* has nevertheless become widespread in today's troubled society. Thus, I believe his conduct constituted a political demonstration as defined by the Act.  See *Commonwealth v. Haugh*, 439 Pa. 212, at p. 215, 266 A. 2d 657 (1970).  However, although trial counsel listed some thirty-four points for charge in his motion for arrest of judgment, not one remotely concerned the question of "political demonstration".  Nor was the issue ever mentioned during trial.  Not having raised this issue at trial, it cannot be considered on appeal.  The same holds true for the alleged errors in the court's handling of the submitted points for charge and its actual in-

---

[2] The officer's actions were apparently predicated upon his understanding that the American flag was always flown above any other flag and that it was a violation of the law to do otherwise. As authority for this proposition he cited his extensive Boy Scout experience. There is no state statute dealing with the display of the flag and the only relevant federal statute, 36 U.S.C. 173, is in fact merely a "codification of existing rules and customs and carries no penalty for violation." *State of Delaware v. Hodsdon*, 265 F. Supp. 308, 310 (1967).

[3] At the conclusion of testimony the trial judge stated: "If you have points, I haven't got time to read them."

In his charge he stated: Just before we went to the jury, the defendant gave me some points for charge. I have not had time to read them and for that reason I am refusing them."

structions to the jury. *Commonwealth v. Commander,* 436 Pa. 532, 260 A. 2d 773 (1970) ; *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968).

As I do not believe that the Act is unconstitutional, I must reluctantly concur in affirming the judgment of sentence.