STATE of Delaware

v.

William M. HODSDON.

Superior Court of Delaware,
New Castle.

March 6, 1972.

Kent Walker, Dept. of Justice, Wilmington, for the State.

William E. Taylor, Jr., Wilmington, for defendant.

QUILLEN, Judge.

This prosecution was initiated under the Delaware flag statute. The indictment, notwithstanding the use of "either by word or act" language, alleges only an act: "displaying simultaneously on the front of his residence at 3202 Fernwood Place, Wilmington, Delaware, the United Nations flag and the United States flag, with the United Nations flag in the position of honor on the right side of his house and the United States flag in the subordinate position on the left side of his house and flown in a half-mast position . . .". No other act is alleged and none can be considered.

The defendant admits commission of the act charged. The State contends the act charged constitutes publicly defiling, defying or casting contempt upon the flag. See 11 Del.C. § 532 prior to 1967 amendment which substituted the 1917 Uniform Flag Law for the 1903 Delaware statute.

It should be said initially that the picture of the house, State's Exhibit 1, gives a clear visual representation of the affect alleged.

There is no question that the banner used was a United States flag. At no time did the act alleged create a public disturbance or a threat to the peace of the community. Nor does it appear that the defendant ever used the flag setting for the purpose of making a speech.

In essence, the State alleges that anyone who publicly violates the rules of flag etiquette as set forth in 36 U.S.C.A. Chapter 10 and particularly § 175 violates the state criminal statute by publicly defiling, defying or casting contempt upon the flag. The evidence shows the defendant was made aware of the federal statute. No other evidence of custom was presented. The Court reaches the following conclusions.

■ 1. Contrary to popular opinion, common law courts do not have general powers to dismiss indictments. 21 Am. Jur.2d, Criminal Law, § 517. Consequently, the Court will proceed reluctantly to decide this case even though the conduct has long ago ceased and even though the State did not initially feel that criminal prosecution was the appropriate remedy. State of Delaware ex rel. Trader v. Hodsdon, 265 F.Supp. 308 (D.Ct.Del.1967).

■ 2. It was the Legislature's intent that the amendment to the statute contain an implied savings clause as shown by the use of the word "amended" and by the fact that the new criminal provisions, both as to the nature of the offense and the penalty, are in effect the same. 11 Del.C. § 532 prior to November 22, 1967; 56 Del. Laws Ch. 137; State v. Patnovic, 11 Terry 310, 129 A.2d 780 (Super.Ct.1957); Angelini v. Court of Common Pleas, 205 A. 2d 174 (Sup.Ct.1964); State v. Brittingham, 238 A.2d 346 (Super.Ct.1968). The major change, the definition section, can be significant, but it does not alter the above conclusions. See Parker v. Morgan, 322 F.Supp. 585 (W.D.N.C.1971).

■ 3. The statute cannot be constitutionally effective insofar as it attempts to foreclose the use of "word". Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969).

4. The prohibition in the statute against public acts are severable from the foreclosure of the use of words. Hodsdon v. Buckson, 310 F.Supp. 528 (D.Ct.Del.1970).

■ 5. The statute is severable generally and, as applied in a case by case basis, such portions as can operate within constitutional limits can stand. Sutherland v. DeWulf, 323 F.Supp. 740 (S.D.Ill. N.D.1971).

6. Specifically, as applied to the act alleged in this case, it is not necessary to consider whether the statute is void for overbreadth. Street v. New York, *supra*; Sutherland v. DeWulf, *supra*. Contra: Hodsdon v. Buckson, *supra*; Parker v. Morgan, *supra*.

7. This Court notes the construction of the Federal District Court as to the federal statute dealing with patriotic flag customs, 36 U.S.C.A. § 175, and the view that the statute is "intended merely as an expression of proper usage" and "not to mandate behavior". State of Delaware ex rel. Trader v. Hodsdon, 265 F.Supp. 308 (D.Ct.Del.1967). Compare dissent of Justice Fortas in Street v. New York, *supra*, at 394 U.S. 616–617, 89 S.Ct. 1355.

■ 8. Expression protected by the First Amendment is not limited to the spoken and written word. Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931); Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969).

■ 9. The State cannot compel a gesture of adherence to the American flag. Barnette v. West Virginia State Board of Education, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943).

■ 10. The right of dissent includes the right to express attitudes of defiance

and contempt toward the government and the right to make unpopular gestures or salutes against the flag subject to the right of the State to prevent breaches of the peace. Parker v. Morgan, *supra*; Hodsdon v. Buckson, *supra*; Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); Street v. New York, *supra* at 394 U.S. 592, 89 S.Ct. 1355.

11. A state can properly mandate behavior in regard to physical acts done to the American flag. Parker v. Morgan, *supra*; Hoffman v. United States, 144 U.S.App.D.C. 156, 445 F.2d 226 (1971). Cf. Street v. New York, *supra*.

12. A flag is a special kind of personalty and is properly burdened with peculiar obligations and restrictions and statutes may prescribe how the flag may be displayed. Dissent of Justice Fortas in Street v. New York, *supra*, at 394 U.S. 616–617, 89 S.Ct. 1355; Halter v. Nebraska, 205 U.S. 34, 27 S.Ct. 419, 51 L.Ed. 696 (1907).

13. The State of Delaware has not expressly by 11 Del.C. § 532 incorporated the flag customs of 36 U.S.C.A. § 175 into its statute so as to make a violation of such customs per se a violation of criminal law in Delaware. Indeed, the Delaware criminal statute is not specifically directed to rules governing the display of the flag. Hodsdon v. Buckson, *supra*, at 310 F.Supp. 534.

14. The word "defile" means to make filthy or to make ceremonially unclear and refers to physical defilement. Hoffman v. United States, *supra*. The word "defy" means historically to renounce all bonds of faith or obligation with. *Webster's Third New International Dictionary* (1964). The word contempt means the act of despising. *Ibid.*

15. The words "defies . . . or casts contempt upon" in the statute do not suggest any necessary physical act with the flag as applied to the factual allegation

in this case and appear in a constitutional sense in this factual context to relate to the attitude of the defendant and not his act. The conduct prohibited cannot be defined in terms of attitudes. Hodsdon v. Buckson, *supra*, at 310 F.Supp. 534. Consequently, in this case, the allegations of defiance and contempt are constitutionally defective.

16. The case turns on the word "defile" in the indictment and whether the flying of the flag in the physical manner alleged constitutes a defilement under the Delaware statute. The troublesome definition is "to make ceremonially unclean". A ceremony is nothing but a conventional act of etiquette and unclean merely suggests an impurity or imperfection. It can thus be argued that the Legislature by the use of the word "defiles" intended to protect the flag against all improper usage as measured by the federal statute. The difficulty is that the Delaware statute became our State law in 1903 (22 Del.Laws, Ch. 466) as part of a national reaction to tearing and trampling upon the flag resulting from its use for partisan purposes in 1896 and to abusive commercial usage. See Commissioners' Prefatory Note to Uniform Flag Act, 9B Uniform Law Annotated, p. 48. The history of the federal statute, 36 U.S.C.A. § 175 stems only from 1923 when "lack of uniformity in the matter of flag display pertaining to civilian matters led to the adoption of a universal code . . . at a conference called by the American Legion." LaPolla v. Dullaghan, 63 Misc. 2d 157, 311 N.Y.S.2d 435, 438 (1970). The federal flag code was enacted by a Joint Resolution of Congress in 1942. In light of the chronology it is difficult to hold that the word "defile" inferentially includes violations of the federal flag code.

17. Displaying the flag in the manner alleged and admitted, even if unlawful under 36 U.S.C.A. § 175, does not constitute an act of defilement under Delaware's criminal statute, 11 Del.C. § 532; it constitutes a violation of flag etiquette or, at most, a violation of civil duty.

18. It is not necessary to consider the defendant's intent in the light of the above conclusion. It should be noted, however, that this Court's letter opinion of January 15, 1968 (See Hodsdon v. Buckson, *supra*, at 310 F.Supp. 531, ftnt. 2) and some of the traditional flag cases ought to be re-examined in light of Hodsdon v. Buckson, *supra*, and the following statement at 310 F.Supp. 534. "If there are limitations on the protection afforded conduct by the First Amendment, they are defined by exigencies other than the prevention of public expressions of attitudes—even those of defiance and contempt."

19. A judgment of acquittal is entered. It is so ordered.