## Commonwealth v. Bonnor (No. 1)

*William H. Platt*, district attorney, for the Commonwealth of Pennsylvania.

*Robert E. Donatelli*, for defendant.

GARDNER, *J.*, September 10, 1982—This matter is before the court on defendant's motion for court to review and adjudge indigency, requesting the court to appoint counsel to represent defendant at no cost to defendant. For the reasons expressed in this opinion, we grant defendant's motion, and appoint Richard J. Makoul, Esq., to represent defendant.

On August 16, 1982, Betty Agnes Johnson and her daughter, Nancy Johnson, were stabbed in their home in Allentown, after which Betty died and Nancy was hospitalized. That day defendant was arrested for ciminal homicide[1] in the case of Betty Agnes

---

1. 18 Pa.C.S. §2501(a).

Johnson, and aggravated assault with intent to kill[2] and criminal attempt to commit murder[3] in the case of Nancy Johnson.

Defendant was admitted to St. Luke's Hospital, Bethlehem, under police guard for treatment of knife injuries, allegedly self-inflicted after the Johnson incident. On August 29, 1982, defendant was transferred to Lehigh County Prison, where he continued to reside until the time of hearing.

On August 26, 1982, defendant filed a written application for public defender, stating that he was financially unable to hire an attorney in this case.

On August 27, 1982 Frederick E. Charles, Esq., Chief Public Defender of Lehigh County, presented a motion for court to review and adjudge indigency. The motion requested the court to review defendant's application for public defender to determine whether defendant was indigent and entitled to a free attorney, and, if so, to appoint counsel to represent him.

Customarily, the public defender reviews applications for free representation, determines whether the applicant financially qualifies, and provides counsel in appropriate cases. In this case the public defender contends that it would be inappropriate for him to review defendant's application, to determine indigency or to assign an attorney, because of a conflict of interest. The conflict arises because Assistant Public Defender J. Brian Johnson, Esq., is the son of Betty Johnson and the brother of Nancy Johnson.

On August 31, 1982, Honorable John E. Backenstone entered an order granting the public defender's motion for a court review of entitlement

---

2. 18 Pa.C.S. §2702(a)(1).
3. 18 Pa.C.S. §901.

to a free attorney. Because Judge Backenstone determined that an "indigency" determination could not be made on the basis of the information contained in defendant's written application, the court scheduled a hearing for September 3, 1982. The court appointed Robert E. Donatelli, Esq., to represent defendant at the indigency determination proceedings.

A hearing was held September 3, 1982, at which time defendant testified and offered exhibits. Based upon defendant's testimony, exhibits and application for public defender, we make the following:

## FINDINGS OF FACT

1. Defendant, Kevin J. Bonnor, is a 29 year old male born January 22, 1953.

2. At the time of hearing, defendant resided in Lehigh County Prison. He neither owns, leases, nor maintains any real estate.[4]

3. Defendant is divorced, and has no children.

4. At the time of the alleged incident, defendant was employed by the Allentown School District as a fifth grade teacher at Central Elementary School. On August 19, 1982, the board of directors of the school district suspended defendant without pay pending determination of the charges, or until further resolution of the board.

5. Defendant has no source of income at this time.

6. Presently $4,977.91 is credited to defendant's Public School Employees' Retirement account.[5]

---

4. Previously defendant rented an apartment in Allentown, which he gave up at the time of his incarceration.

5. The amount includes contributions withheld from defendant's gross earnings, plus accrued interest. An additional amount of accrued interest for the 1981-82 school year will be added to the amount when calculated.

These funds are not available for use by defendant at this time. Defendant would have access to those funds only upon his official resignation from public school employment in the Commonwealth, or upon his official termination (as distinguished from suspension) by the school district.

7. Defendant has liquid assets consisting of $180 cash, a checking account with a balance between $150 and $200, and a savings account with a balance of $32.11

8. In addition, defendant has unencumbered assets consisting of used furniture[6] and jewelry. This furniture, jewelry and cash are presently in possession of defendant's mother, Dorothy Bonnor, in Westfield, New Jersey. Defendant values the furniture between $1,000 and $1,500, but no resale value has been established. Defendant paid approximately $1,170 for the jewelery, [7] but no resale value has been established.

9. Defendant owns an encumbered 1979 Datsun 210 automobile, presently in possession of his mother. Defendant purchased the car new in 1979 for $4,500. If the car were free of encumbrances, it would be worth $2,500 according to defendant. However, defendant borrowed approximately $3,300, from the Allentown Teachers' Credit Union to finance the purchase. Defendant also borrowed other sums from the credit union. The present balance of those loans is approximately $3,500, and exceeds the value of the car. According-

---

6. Two mattresses without frames, a kitchen table and four chairs, a color TV, a stereo, and two chairs and an ottoman.

7. Defendant paid approximately $1,000 for a woman's diamond ring, approximately $75 for a woman's star sapphire ring, and approximately $95 for a woman's 14K gold necklace.

ly, the title certificate for the automobile is being held by the credit union to secure those loans.

10. Defendant owns three savings shares, of undetermined value, in the Allentown Teachers' Credit Union. These shares were purchased seven years ago because teachers are required to own deposit shares in the credit union in order to qualify for loans.

11. Defendant's only other asset is $10, owed to him for a personal loan by an Albert Schwetzer.

12. Defendant has indebtedness of approximately $12,245 for various unsecured loans with approximate balances as follows:

$ 3,500  Allentown Teachers' Credit Union[8]
  1,500  Blazer Consumer Discount Company
  5,000  school loans[9]
  2,245  First National Bank of Allentown[10]

13. Defendant's current expenses, including his bills from his recent hospitalization at St. Luke's Hospital are being paid by his mother, who is employed as a telephone operator.

## DISCUSSION

The Sixth Amendment to the United States Constitution provides that, in a criminal case, "the accused shall enjoy the right . . . to have the assistance of counsel for his defense." This right under the federal constitution has been held applicable to state prosecutions by virtue of the due process clause in capital cases,[11] non-captial felonies[12] and

---

8. To be repaid at the rate of $113 every two weeks.

9. Repayment is not required until May, 1983.

10. This represents an installment loan.

11. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

12. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

misdemeanor or petty prosecutions.[13] There is a comparable provision of the Pennsylvania constitution, which states that "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel . . ." Art. 1, §9.

Absent a knowing and intelligent waiver, counsel is required by the constitution not only at the trial but at other "critical stages" of the criminal process, such as the preliminary hearing, Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); court arraignment, Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972); sentencing, Mempa v. Rhay, 389 U.S. 128, 88 S. Ct. 254, 19 L.Ed.2d 336 (1967); and on appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Pennsylvania has implemented these constitutional requirements as to individuals unable to afford privately retained counsel by the adoption of the Public Defender Act and promulgation of Rules of Criminal Procedure. Section 6 of the Public Defender Act[14] provides:

"(a) The public defender shall be responsible for furnishing legal counsel, . . . to any person who, for lack of sufficient funds, is unable to obtain legal counsel. . . .

(b) The public defender, after being satisfied of the person's inability to procure sufficient funds to obtain legal counsel to represent him, shall provide such counsel."

Section 7 of the Public Defender Act provides that the court of common pleas, upon the application of

13. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

14. Act of December 2, 1968, P.L. 1144, No. 358, §6, as amended, 16 P.S. §9960.6 (1982 Supp.).

the public defender, may "for cause" appoint an attorney other than the public defender to represent the person charged.

Pennsylvania Rule of Criminal Procedure 316(b) provides:

"In all court cases counsel shall be assigned prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel."

The terms — "lack of sufficient funds", "inability to procure sufficient funds", "without financial resources" and "otherwise unable to employ counsel" — are not defined in the statute or rules.[15] Moreover, no state or federal guidelines delineate the income level below which free counsel must be appointed.[16] Accordingly, the court must construe these words and phrases according to rules of grammar and according to their common and approved usage. 1 Pa.C.S. §1903; Commonwealth v. Mumma, 489 Pa. 547, 552, 414 A.2d 1026, 1029 (1980).

Pennsylvania statutory law is in accord with that of the federal government and of about half the states in the country. The Federal Criminal Justice

---

15. One suggested standard is that a person is "without financial resources" if he has insufficient funds (not necessarily being devoid of funds) to pay an attorney for the services his particular case requires. Note, 76 Harv.L.Rev. 579, 585 (1963).

16. The judicial definitions of "poverty" and "indigency" used to determine the right of a litigant to proceed with an appeal free of court costs (in forma pauperis) do not apply to the determination of the right of a defendant to a free trial counsel. See Thompson v. Garden Court, Inc., 277 Pa. Super. 460, 419 A.2d 1238 (1980); Sellers v. Sellers, 293 Pa. Super. 265, 438 A.2d 986 (1981); Davila v. Soto, 250 Pa. Super. 42, 378 A.2d 443 (1977); Gerlitzki v. Feldser, 226, Pa. Super. 142, 307 A.2d 307 (1973).

Act of 1964[17] and the statutes in those states, invoke the test of "inability to afford counsel" or the equivalent, but make no mention of substantial hardship.[18] In other words counsel should be provided to any person who is financially unable to obtain adequate representation without substantial hardship to himself. See Commonwealth v. Haugh, 215 Pa. Super. 160, 164, 256 A.2d 874, 876 (1969) (Hoffman, J., dissenting), rev'd on other grounds 439 Pa. 212, 266 A.2d 657 (1970).

Moreover, counsel should not be denied to any person merely because his friends or relatives have resources adequate to retain counsel.[19]

Applying the foregoing considerations, we find that defendant is presently without sufficient funds and financial resources to employ counsel to represent him concerning the serious charges of criminal homicide, aggravated assault with intent to kill, and criminal attempt to commit murder. Moreover, we find that defendant is presently unable to procure such funds, without substantial hardship to himself.

Although defendant has earning capacity, he is presently suspended from his job, incarcerated and without wages or income. Because he has no income, and because he is more than $12,000 in debt, defendant does not have the capacity to borrow funds to finance his defense at this time.

Presently defendant has slightly more than $400 liquid cash available to him. This will, of course, not pay for defense of a criminal homicide case. Under

---

17. 18 U.S.C. §3006A(b).

18. See Commentary, A.B.A. Standards, Providing Defense Services, 5-6.1, pp. 5-59 and 5-60 (February 12, 1979).

19. See The National Advisory Commission on Criminal Justice Standards and Goals, Standard 13.2(1).

the circumstances of this case, the ability to pay part of the cost of adequate representation should not preclude eligibility for free representation.[20]

Defendant is unable to sell his car because it is security for debts which are greater than the car is worth. We are not prepared to hold that defendant must sell all his furniture and other modest personal property in order to provide counsel. Nor are we satisfied that such a sale would produce sufficient funds to hire an attorney.

We are also not prepared to hold that defendant must resign from his job in order to acquire his pension funds to use to pay an attorney. Such a requirement would impose a substantial hardship upon defendant, by requiring defendant to give up both his livelihood and pension. In any event, such an order would be of doubtful legality.[21]

For all of the foregoing reasons we find that defendant is entitled to be represented by a court appointed attorney at no cost to defendant.

## ORDER

Now, September 10, 1982, upon consideration of the motion of defendant for court to review and adjudge indigency, after hearing and upon consideration of briefs of counsel, and for the reasons ex-

---

20. See The American Bar Association Project on Minimum Standards for Criminal Justice, Providing Defense Services, (tentative draft 1967), §6.2 Partial Eligibility; See also Commonwealth v. Haugh, supra.

21. We distinguish United States v. Kahan, 415 U.S. 239, 243, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974), holding that more than $25,000 held in a "Totten Trust" for benefit of defendant's children rendered him ineligible for consideration as an "indigent". Unlike our case, defendant in Kahan had access to the trust funds and previously attempted to hide the existence of those assets from the lower court.

pressed in the accompanying opinion, it appearing that defendant is without sufficient financial resources to employ counsel.

It is ordered that defendant's motion for court to review and adjudge indigency is granted.

It is further ordered that Richard J. Makoul, Esq., is appointed to represent defendant in the within matter.