## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1612007126 |
| | ) | |
| GEORGE ATSIDIS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1706012567 |
| | ) | |
| GARY G. BUSACCA, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1704000902 |
| | ) | |
| EDGAR CHABLA-ACEVEDO, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 1704009895 |
| | ) | |
| EMILY A. ELLINGER, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1704009046 |
| | ) | |
| ZACHARY L. GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1706014560 |
| | ) | |
| ROBERT L. SANGER, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1703018526 |
| | ) | |
| ZANDRA J. SAUERS, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1703008126 |
| | ) | |
| SEAN M. STITZ, | ) | |
| | ) | |
| Defendant. | ) | |

| STATE OF DELAWARE | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1702006925 |
| | ) | |
| KRISTEN M. WYATT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 18, 2017
Decided: February 26, 2018

*Barzilai K. Axelrod, Esq., Deputy Attorney General*

*Edward C. Gill, Esq., Attorney for Defendants George Atsidis, Robert L. Sanger, and Sean M. Stitz*

*Eric G. Mooney, Esq., Attorney for Defendants Gary G. Busacca, Edgar Chabla-Acevedo, Emily A. Ellinger, Zachary L. Gonzalez, Zandra J. Sauers, and Kristen M. Wyatt*

## DECISION ON DEFENDANTS' MOTIONS TO DISMISS

In June 2017, Delaware's 149th General Assembly passed House Bill ("HB") 207.[1] Prior to June 30, 2017, the effective date of HB 207, the Justice of the Peace Court had concurrent jurisdiction with the Court of Common Pleas to try first and second offense violations of 21 *Del. C.* § 4177(a), Driving Under the Influence of Alcohol and/or Drugs ("DUI").[2] HB 207 divested the Justice of the Peace Court of jurisdiction to try first and second offense DUIs, while maintaining the Justice of the Peace Court's jurisdiction to accept first and second offense DUI guilty pleas and § 4177B first offense elections.[3]

Shortly after HB 207 became effective, the Justice of the Peace Court *sua sponte* began transferring DUI cases pending before it to the Court of Common Pleas. The affected defendants include George Atsidis, Gary G. Busacca, Edgar Chabla-Acevedo, Emily A. Ellinger, Zachary L. Gonzalez, Robert L. Sanger, Zandra J. Sauers, Sean M. Stitz, and Kristen M. Wyatt ("Defendants").

Here, Defendants move to dismiss their charges, arguing that the Justice of the Peace Court improperly transferred their cases, and as a result, Defendants have been prejudiced and their

---

[1] 81 Del. Laws ch. 51 (2017), http://delcode.delaware.gov/sessionlaws/ga149/chp051.pdf.
[2] 21 *Del. C.* § 703(a) ("A person . . . arrested for any moving traffic violation . . . shall have such case heard and determined by a justice of the peace."); 11 *Del. C.* § 2701(b) ("The Court of Common Pleas for the State shall have original jurisdiction to hear, try and finally determine all misdemeanors and violations . . . ."); 21 *Del. C.* § 4177(d)(12) ("The Court of Common Pleas and Justice of the Peace Courts shall not have jurisdiction over [third offense or greater DUIs] . . . .").
[3] 21 *Del. C.* § 4177(d)(13).

speedy trial rights violated. For the reasons discussed below, Defendants' Motions to Dismiss are **DENIED.**

### Facts and Procedural History

Pursuant to 21 *Del. C.* § 4177(d)(13), as amended by HB 207, the Justice of the Peace Court has jurisdiction "to accept pleas of guilt [for first and second offense DUIs] . . . and to enter conditional adjudications of guilt requiring or permitting a person to enter a first offender election pursuant to § 4177B," but the Justice of the Peace Court "shall not have jurisdiction to try any [DUI] violations."

Prior to June 30, 2017, Defendants Atsidis, Chabla-Acevedo, Ellinger, Gonzalez, Sauers, Stitz, and Wyatt were all arrested, brought before the Justice of the Peace Court, pled not guilty, asked for and were scheduled for trial. Thus, as of June 30, 2017, these Defendants were awaiting trial in a court without jurisdiction to try their cases.

The remaining Defendants, Busacca and Sanger, were arrested prior to June 30, 2017, with arraignment scheduled for July 7, 2017. Both Defendants Busacca and Sanger filed an arraignment by pleading form, pleading not guilty and demanding trial, prior to arraignment.

On July 3, 2017, the Justice of the Peace Court sent notices to Defendants Atsidis, Chabla-Acevedo, Ellinger, Gonzalez, Sauers, Stitz, and Wyatt, stating only that their cases had been transferred "at your request, the request of your attorney, the Department of Justice, the Public Defender or the Court."[4] The notice did not cite any authority supporting the transfers. On July 6, 2017, the Justice of the Peace Court sent the same notice to Defendants Busacca and Sanger.

By failing to identify the Justice of the Peace Court's own interpretation of the effect of HB 207 as the reason for the transfer, the Justice of the Peace Court caused Defendants, the State,

---

[4] E.g., Defendant Busacca Motion to Dismiss dated September 20, 2017, Ex. C.

4

and this Court wholly avoidable confusion and turmoil. Nevertheless, once this Court accepted Defendants' cases, the State promptly filed informations, and Defendants filed arraignment by pleading forms pursuant to Court of Common Pleas Criminal Rule 10(c), pled not guilty, demanded trial, and filed motions to dismiss.

## Discussion

### A. The Justice of the Peace Court's Transfer of Defendants' Cases

Defendants and the State make various arguments regarding the propriety of the Justice of the Peace Court's *sua sponte* transfer of Defendants' cases and the prejudice Defendants have allegedly suffered as a result.[5] Underpinning all of these arguments is a basic disagreement about the effect of 11 *Del. C.* § 211 on Defendants' cases.

Section 211 is Delaware's criminal general savings statute.[6] Relevant here, § 211(b) states:

> Any action, case, prosecution, trial or other legal proceeding in progress under or pursuant to any statute relating to any criminal offense set forth under the laws of this State shall be preserved and *shall not become illegal or terminated* in the event that such statute is later amended by the General Assembly, irrespective of the stage of such proceeding, unless the amending act expressly provides to the contrary. *For the purposes of such proceedings, the prior law shall remain in full force and effect.*[7]

Defendants maintain that, because HB 207 divests the Justice of the Peace Court of jurisdiction to try first and second offense DUIs, any proceedings already in progress before the Justice of the Peace Court would become "illegal or terminated," absent the operation of the savings statute.

---

[5] Defendants have not moved to dismiss pursuant to Court of Common Pleas Criminal Rule 48. *Cf. State v. McElroy*, 561 A.2d 154, 155–56 (Del. 1989) ("We hold that for a criminal indictment to be dismissed under Rule 48 for 'unnecessary delay,' the delay, unless extraordinary, i.e., of constitutional dimensions, must, as a general rule, first be attributable to the prosecution . . . .").

[6] Under the common law, "absent a saving statute, the repeal of a criminal statute voids all prosecutions under it that have not attained final judgments." *Lewis v. State*, 144 A.3d 1109, 1113 (Del. 2016) (first citing *Williams v. State*, 756 A.2d 349, 353 (Del. 2000); and then citing *Angelini v. Court of Common Pleas*, 205 A.2d 174, 175 (Del. 1964)); *Angelini*, 205 A.2d at 175 ("[W]here a criminal statute is repealed and there is no express or implied saving clause, all actions which have not attained final judgment are to be terminated").

[7] Emphasis added.

5

Accordingly, Defendants conclude that § 211(b) maintained the Justice of the Peace Court's jurisdiction to try first and second offense DUI cases pending before the Justice of the Peace Court as of June 30, 2017.

Viewing § 211(b) in isolation, Defendants' argument appears to have some merit.[8] However, it is not necessary for § 211(b) to save cases that were pending before the Justice of the Peace Court from being illegal or terminated because Delaware law already prescribes a different avenue to prevent Defendants' cases from being illegal or terminated.

Section 1902A(c) of Title 10 of the Delaware Code states:

> No criminal action, complaint, or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without criminal jurisdiction. Upon certification by the Criminal Clerk of Court to the sitting judge of the court in which the complaint, action, or other proceeding is pending averring that the court is without criminal jurisdiction, the judge may administratively issue an Order of Transfer and transfer the criminal proceeding to the court of competent criminal jurisdiction.

In short, Section 1902A preserves criminal cases pending before courts that lack jurisdiction by authorizing the transfer of such cases to a court of competent jurisdiction. HB 207 only divested the Justice of the Peace Court of jurisdiction to try first and second offense DUIs, while leaving unchanged the Court of Common Pleas' jurisdiction to try these offenses. Because this Court is a court of competent jurisdiction to try first and second offense DUIs, § 1902A authorized the Justice of the Peace Court to transfer Defendants' cases to the Court of Common Pleas, once Defendants exhausted the Justice of the Peace Court's jurisdiction to accept guilty pleas and first offense

---

[8] *But see, State v. Ismaaeel*, 840 A.2d 644, 648 (Del. Super. 2004) (explaining that 11 *Del. C.* § 211 is modeled, in part, upon federal law, 1 U.S.C. § 109, and therefore, Delaware courts may look to 1 U.S.C. § 109 for insight into 11 *Del. C.* § 211), *aff'd*, 854 A.2d 1158 (Del. 2004); *Bruner v. United States*, 343 U.S. 112, 117 (1952) (determining that 1 U.S.C. § 109 does not save an action that was pending at the time Congress divested the District Court of jurisdiction over that action because "Congress has not altered the nature or validity of petitioner's rights or the Government's liability but has simply reduced the number of tribunals authorized to hear and determine such rights and liabilities.").

elections. Prior to receiving a notice of transfer, all Defendants had pled not guilty before the Justice of the Peace Court and demanded trial.

On this point, the record before the Court does not support the conclusion that the Justice of the Peace Court perfectly followed the procedural elements of § 1902A.[9] Nevertheless, the Court finds that any deviations constitute harmless error,[10] and the Justice of the Peace Court had the authority under § 1902A to transfer Defendants' cases to this Court.

## B. Alleged Speedy Trial Violations

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 7 of the Delaware Constitution. The Court evaluates speedy trial claims under the four factor balancing test adopted by the United States Supreme Court in *Barker v. Wingo*:[11] (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant.[12]

With regard to the first factor, length of delay, "[t]he right to a speedy trial attaches as soon as the defendant is accused of a crime through arrest or indictment, whichever occurs first."[13] Generally, unless the length of delay is presumptively prejudicial, i.e. it exceeds one year, the Court will not consider the other *Barker* factors.[14] Less than a year has passed since the arrest of Defendants Busacca, Chabla-Acevedo, Ellinger, Gonzalez, Sanger, Sauers, and Stitz, and the Court does not find that these Defendants' speedy trial rights have been violated.

---

[9] The record before this Court does not evidence that the Criminal Clerk of the Court certified to the sitting judge of the Justice of the Peace Court in which Defendants' cases were pending that the Justice of the Peace Court is without jurisdiction, and the notice of transfer sent to Defendants is not an "Order of Transfer" as contemplated by § 1902A.
[10] Ct. Com. Pl. Crim. R. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").
[11] 407 U.S. 514 (1972).
[12] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 530).
[13] *Id.* (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)).
[14] *Cooper v. State*, 32 A.3d 988, 2011 WL 6039613, at *7 (Del. 2011) (TABLE) (citing *Skinner v. State*, 575 A.2d 1108, 1116 (Del. 1990)).

Defendant Atsidis was arrested on December 11, 2016, and Defendant Wyatt was arrested on February 11, 2017. Because more than one year has passed in Defendant Atsidis and Wyatt's cases, this factor weighs in their favor, and the Court will consider the other *Barker* factors.

With regard to the second factor, the reason for the delay, "[d]ifferent weights are assigned to different reasons for the delay."[15] For example, a "'deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the [State],' while a 'more neutral reason such as negligence or overcrowded courts should be weighted less heavily' against the State."[16] The delay in this case was primarily caused by a legislative change in jurisdiction, which necessitated a transfer of the cases to a court of competent jurisdiction. Once this Court accepted Defendants' cases, the State promptly filed informations, Defendants filed arraignment by pleading forms, and the Court scheduled Defendant Atsidis for trial on November 8, 2017, and Defendant Wyatt for trial on October 24, 2017. Those trial dates were continued in order to decide the instant Motions. If this factor weighs against the State at all, the Court finds that it does not weigh heavily.[17]

With regard to the third factor, the defendant's assertion of the right to a speedy trial, Defendants Atsidis and Wyatt asserted their right to a speedy trial when they filed the instant Motions to Dismiss on September 1, 2017, and September 21, 2017, respectively. In the case of Defendant Atsidis, the Justice of the Peace Court had previously scheduled trial for July 11, 2017; and in the case of Defendant Wyatt, for August 8, 2017. Thus, these two Defendants asserted their right to a speedy trial after learning that they would not stand trial on the date they originally anticipated. The Court finds that this factor weighs in favor of Defendants, but given that trial in

---

[15] *Middlebrook*, 802 A.2d at 274 (citing *Barker*, 407 U.S. at 531).

[16] *Id.* (quoting *Barker*, 407 U.S. at 531).

[17] *See Bailey v. State*, 521 A.2d 1069, 1080 (Del. 1987) ("The necessity for briefing and oral argument on [the defendant's] motions cannot be weighed against the State.").

this Court has only been continued once, the Court does not find that it weighs heavily in Defendants' favor.

With regard to the fourth factor, prejudice to the defendant, the Court considers prejudice in light of the interests the speedy trial right is designed to protect: "(1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired."[18] Defendants Atsidis and Wyatt generally assert that they have been prejudiced by having outstanding charges against them and by the loss of memory of witnesses. Assuming that Defendants Atsidis and Wyatt have experienced anxiety and concern and assuming that witnesses' memories have faded, the Court finds that this factor weighs in favor of Defendants, but again, the Court does not find it weighs heavily in Defendants' favor.

None of the four *Barker* factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."[19] The factors must be considered together "with such other circumstances as may be relevant."[20] In these cases, the Court finds it significant that the primary source of delay was a legislative change in the Justice of the Peace Court's jurisdiction, a factor which neither the courts nor the Office of the Attorney General could control.[21] Considering the *Barker* factors, and taking into account all relevant factual circumstances, the Court finds that Defendants Atsidis and Wyatt's right to a speedy trial has not been violated.

---

[18] *Middlebrook*, 802 A.2d at 276 (citing *Barker*, 407 U.S. at 532).
[19] *Id.* at 273 (quoting *Barker*, 407 U.S. at 533).
[20] *Id.* (quoting *Barker*, 407 U.S. at 533)'
[21] *See Bailey*, 521 A.2d at 1081 ("In a speedy trial analysis, the reason for delay has been called the 'flag all litigants seek to capture,' because it is here that the speedy trial argument usually stands or falls." (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986))).

## Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss are **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Rosemary Betts Beauregard