## Commonwealth *v.* Werner, Appellant.

Argued September 16, 1965. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (WATKINS and FLOOD, JJ., absent).

*Louis Lipschitz,* with him *Joseph Hakun,* and *Lipschitz & Chalfin,* for appellant.

*L. Francis Murphy,* Assistant District Attorney, with him *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 11, 1965:

Appellant, Michael Werner, hereinafter called defendant, was found guilty by a jury of the crimes of robbery, burglary and conspiracy. Motions for a new trial and in arrest of judgment were promptly filed and dismissed, without argument, by the trial judge. Sentence was imposed and the defendant appeals from that sentence.

The trial occurred in December, 1964. At the end of the third day of trial the defendant was on the stand being cross-examined. Court was adjourned at 3:45 p.m. until the following morning at 9:00 o'clock. At the time of adjournment the following appears in the notes of testimony:

"THE COURT: Then we will adjourn until tomorrow morning at 9:00 o'clock. Come in at that time please and take the seats which you now occupy. Remember my admonition not to discuss the case with anyone or permit it to be discussed in your presence. You may

go now and return tomorrow morning at 9:00 o'clock.

"*Mr. Werner, you are under cross-examination, so do not discuss the case until your cross-examination is resumed tomorrow morning.*

"MR. CIRILLO: If the court please, in Mr. Yohn's presence, can I ask him a question—I just wanted to ask him if there are any other witnesses he wants me to call.

"THE COURT: *He certainly has a right to confer with you but I don't want him to discuss this testimony with you.* He is under cross-examination. But you may ask him about witnesses. There is no reason you cannot talk to him. I did not mean to cut off communication between you.

"MR. CIRILLO: All right, sir." (emphasis added)

Mr. Yohn represented the Commonwealth and Mr. Cirillo represented the defendant.

Defendant claims that it was fundamental error for the trial judge to direct the defendant not to discuss his testimony with his counsel during this seventeen hour recess. With this contention we agree.

The Supreme Court of the United States made it clear in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 799 (1963), that a defendant in a felony prosecution in a state court is entitled to the assistance of counsel at trial. The court thus held that the Fourteenth Amendment of the Constitution of the United States makes obligatory on the states the Sixth Amendment's provision that "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The United States Court of Appeals for the Third Circuit made it clear in *United States v. Venuto,* 182 F. 2d 519 (1950), that forbidding defendant and his counsel to consult with each other during an eighteen hour court recess was a deprivation of the defendant's Sixth Amendment right to

counsel, even if no actual prejudice was proved.[1]  Guided by these two decisions, we think the conclusion inescapable that Werner's constitutional right to the assistance of counsel was denied in this case.

Aware that *Venuto* was a criminal prosecution in a federal court, we are of the opinion that its holding is a proper one for our State courts.  In so deciding, we are persuaded that we should not require affirmative proof of the exact prejudice produced by such an injunction in our State courts.  As was said in *Venuto*: "Not only would this require them to disclose what would have been privileged communication between attorney and client, but, as stated in Glasser v. United States, supra, 315 U.S. at page 76, 62 S. Ct. at page 467: 'The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' "

Nor will this court engage in nice calculations as to precisely what the trial judge meant to do or did not mean to do by his statement.  An admonition "I don't want him to discuss this testimony with you", given by a judge to an officer of the court is not cured by the statement, "But you may ask him about witnesses . . . I did not mean to cut off communication between you." It is not the function of the trial judge to decide what a defendant's defense should be, nor when or how that defense should be planned, nor how much consultation between a defendant and his retained counsel is necessary to adequately cope with changing trial situations. That is the function of counsel.  The right to the as-

---

[1] In the *Venuto* case, a prosecution for income tax evasion, the court excused the jury at 4 o'clock, when defendant was in the process of cross-examination, and stated: "I would like to say to counsel, I do not want to keep this man in custody overnight— he is now committed for cross-examination so he will not discuss this case with anybody. Otherwise, I will have to commit him."

sistance of that counsel is not a right which exists only from 9 a.m. to 4 p.m. and only in the courtroom and only concerning certain aspects of the case. The defendant had the right to discuss the entire case, including his own testimony, with his attorney, even after 4 p.m. Discussion of this testimony might have been very important in determining the future course of his defense. An admonition limiting this right is reversible error.[2]

In holding that actual prejudice need not be proved by the defendant to claim this fundamental right, we are not unmindful of a 1914 decision of our State Supreme Court, *Commonwealth v. Boyd,* 246 Pa. 529, 92 A. 705. Although the court said in that case, "In every criminal trial the accused has a common law right to counsel, and this right may not be abridged by any rule or regulation which would operate to hinder and obstruct free consultation between the accused and his appointed counsel, especially at the critical moment when his alleged guilt is being made the subject of inquiry by the jury sworn to make a true deliverance,"[3] it held that the refusal of the trial judge to permit the defendant to sit by his counsel was harmless error in that case.

That decision[4] does not govern our case. In that case, a murder trial in which the defendant was kept, as was the custom in that county, in a dock or small

[2] The question of waiver was not raised by the Commonwealth in this appeal, probably because it is clear that no knowing and intelligent waiver can be said to have occurred under the circumstances of this case.

[3] The existence of the right to counsel as a *common law* right was questioned by the U. S. Supreme Court in *Powell v. Alabama,* 287 U.S. 45 at 60, 53 S. Ct. 55, 77 L. ed. 158 at 166 (1932).

[4] Never expressly overruled but certainly questionable today in light of the trend of recent United States and Pennsylvania Supreme Court decisions concerning the constitutional rights of defendants in criminal proceedings.

enclosed place about six to eight feet from the counsel table, the court pointed out that no defense was interposed, the correctness of the testimony of the Commonwealth's witnesses was unchallenged and, if accepted, established defendant's guilt beyond question, and nothing more serious resulted than inconvenience to defense counsel in being obliged to move a few feet to where defendant sat when he desired to confer with his client. A holding on a request to sit next to counsel during trial under those circumstances is not a binding precedent for this case.

In light of our disposition of the case it is unnecessary to discuss the other questions raised on this appeal.

Judgment of sentence reversed and new trial granted.

WRIGHT, J., concurs in the result.