Commonwealth *v.* Peetros, Appellant.

Argued September 16, 1965. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (WATKINS and FLOOD, JJ., absent).

*D. T. Spagnoletti,* for appellant.

*L. Francis Murphy,* Assistant District Attorney, with him *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 11, 1965:

Appellant, James Nick Peetros, hereinafter called defendant, was found guilty by a jury of the crimes of aggravated robbery, burglary and conspiracy. Motions in arrest of judgment and for a new trial were promptly filed and overruled by the trial judge without argument on the same day that they were filed. Sentences were imposed and it is from those sentences that the defendant appeals.

The trial occurred during January, 1965. At the end of the third day of trial the defendant was on the stand being cross-examined. Court was adjourned at 5:50 p.m. until the following morning at 9:00 o'clock. At the time of adjournment the following appears in the notes of testimony:

"THE COURT: Mr. Peetros, you are under cross-examination so don't discuss the case with anyone.

"THE DEFENDANT: Yes, sir.

"THE COURT: At least your testimony. I mean if you want to confer with counsel about other witnesses,

it is perfectly all right, but don't discuss your testimony. You may step down.

"We will adjourn then until tomorrow morning at 9:00 o'clock."

Defendant argues that this restriction placed upon him by the trial judge forbidding him to discuss his testimony with his attorney during the fifteen hour recess which followed constituted reversible error necessitating a new trial. We agree with this contention for the reasons set forth in *Commonwealth v. Werner*, 206 Pa. Superior Ct. 498, 214 A. 2d 276 (1965), filed **today.**

In light of our disposition of this case it is unnecessary to discuss the other questions raised on this appeal.

Judgments of sentence reversed and a new trial **granted.**

WRIGHT, J., would affirm the judgments.