Commonwealth *v.* Scoleri, Appellant.

572

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Argued November 28, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused January 2, 1969.

*Edward J. Morris,* for appellant.

*Richard A. Sprague,* First Assistant District Attorney, with him *Benjamin H. Levintow* and *Joseph*

*M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, November 27, 1968:

On September 30, 1964, Anthony Scoleri was found guilty by a jury of murder in the first degree and the penalty fixed at death. A motion for a new trial was denied on July 26, 1965 and judgment of sentence entered. Scoleri did not appeal from that judgment of sentence.

Thereafter, on October 15, 1965, Scoleri filed a petition for a writ of habeas corpus which, after hearing, was denied on order of the Court of Common Pleas of Philadelphia County. From that order an appeal was taken to our Court. We vacated the order and remanded the record to the court below with directions to transfer the record to the Court of Oyer and Terminer of Philadelphia County, and, upon such transfer, directed that an appeal might be filed in our Court within 30 days as though such appeal had been timely filed. See: *Commonwealth ex rel. Scoleri v. Myers,* 423 Pa. 558, 562, 225 A. 2d 540 (1967). In compliance with our directive the instant appeal has been taken.[1]

---

[1] Scoleri has been tried thrice on five bills of indictment charging him, inter alia, with the murder of one Max Gordon on August 28, 1958 during the perpetration of a robbery in Philadelphia. At his first trial in November 1958, Scoleri was found guilty by a jury of murder in the first degree and the penalty fixed at death. That conviction was upheld by this Court in *Commonwealth v. Scoleri,* 399 Pa. 110, 160 A. 2d 215 (1960) wherein the pertinent facts relative to the crime are set forth. Thereafter, Scoleri petitioned the United States District Court for the Eastern District of Pennsylvania for a writ of habeas corpus, which writ was denied. See: *United States ex rel. Scoleri v. Banmiller,* 198 F. Supp. 872 (1961). This judgment of the District Court was reversed by the United States Court of Appeals for the Third Circuit which directed that the writ of habeas corpus be granted so that Scoleri might be retried by the Commonwealth, the "Split Verdict Act" (Act of Decem-

574

On this appeal, Scoleri raises six issues: (a) whether the trial court erred in its statement, made in the presence of the jury, restricting Scoleri's right to confer with his trial counsel during a noon recess?; (b) whether the trial court erred in permitting the Commonwealth, in rebuttal, to offer evidence of Scoleri's prior convictions on felony charges for the purpose of impeachment of Scoleri's testimony after Scoleri had taken the stand and testified?; (c) whether the trial court erred in refusing to permit Scoleri to call witnesses to impeach the credibility of a witness whom Scoleri previously had called as his own witness?; (d) whether there was any basis for a plea of double jeopardy?; (e) whether the trial court erred in admitting evidence of crimes allegedly committed during flight after the alleged crime?; (f) whether the trial court erred in refusing to permit Scoleri to testify as to conversations with his brother during the alleged escape from the scene of the crime, his brother being available as a witness?

---

ber 1, 1959, P. L. 1621, §1, 18 P.S. §4701) being applicable to such retrial. See: *United States ex rel. Scoleri v. Banmiller*, 310 F. 2d 720 (1962).

On October 7, 1963, during the selection of a jury for the new trial, Scoleri withdrew his plea of not guilty and entered a plea of guilty to murder generally. On October 21, 1963, the Court of Oyer and Terminer of Philadelphia, three judges sitting, found Scoleri guilty of murder in the first degree and, on October 23, 1963, fixed the penalty at death. Scoleri's counsel then moved to withdraw the plea of guilty, to reinstate the plea of not guilty and requested a jury trial, which motions were denied and from the judgment of sentence an appeal was taken to this Court. Scoleri's motions were based upon an alleged commitment made by one of the members of the three-judge court to defense counsel to vote for life imprisonment rather than the death penalty. On appeal, we determined that, due to the unusual circumstances presented, Scoleri was entitled to withdraw his plea of guilty, to enter a not guilty plea and to be tried by a jury and to that end we granted a new trial. See: *Commonwealth v. Scoleri*, 415 Pa. 218, 202 A. 2d 521 (1964).

The first issue raised involves remarks made by the trial judge, during the course of the trial and in the jury's presence, cautioning Scoleri not to confer with his counsel during a luncheon recess.

Scoleri took the stand on the third day of trial to testify on his own behalf. While direct examination was underway and just prior to the noon recess, the following colloquy took place: "MR. CARROLL (defense counsel): We are going into a new incident, sir. I realize it is the hour you usually adjourn for lunch. THE COURT: You are correct. You are not to discuss this *even with your lawyer* during the lunch hour. Do you understand? THE WITNESS (Scoleri): Yes. THE COURT: And you are not to discuss it with anyone else and you are not to have any visitors during the lunch hour at all. We will return here at 2:00 o'clock. Ladies and Gentlemen, don't comment on it or discuss the case. (The jury leaves the courtroom at 12:32 o'clock p.m.) (Adjourned to 2:00 o'clock p.m. of the same day)." (Emphasis added)

*Scoleri's counsel did not object at the time to the admonition* of the *trial court addressed to Scoleri* although he later informed the court that he had been unable to confer with Scoleri during the noon recess.

Most recently, the identical issue was presented to this Court in *Commonwealth v. Vivian,* 426 Pa. 192, 231 A. 2d 301 (1967). In *Vivian,* the trial court, in remanding the defendant to the custody of an officer during a noon recess, had instructed defendant's counsel that he would not be permitted to see Vivian or discuss the case with him. In *Vivian,* this Court unanimously[2] stated: "This case also poses the serious question of whether or not Vivian's right to the assistance of counsel, as guaranteed by the Sixth Amend-

___

[2] Mr. Justice COHEN took no part in the consideration or decision of *Vivian,* and, while Mr. Justice ROBERTS filed a concurring opinion, he joined in the majority disposition of this issue.

ment to the Constitution of the United States, was illegally restricted during the trial. It appears that on the fourth day of trial, while Vivian was under examination as a witness, the noonday recess interfered. The trial judge remanded him to the custody of an officer for the recess period, and instructed his counsel that he would not be permitted to see Vivian or discuss the case with him during this time. This was error. As pointed out in United States v. Venuto, 182 F. 2d 519, 522 (3rd Cir. 1950), there is 'no justification for imposing a restriction of silence between accused and counsel during a trial recess.' Again as stated in Commonwealth v. Werner, 206 Pa. Superior Ct. 498, 501, 502, 214 A. 2d 276, 278 (1965): 'The right to the assistance of that counsel is not a right which exists only from 9:00 a.m. to 4:00 p.m. and only in the courtroom, and only concerning certain aspects of the case. . . . [L]imiting this right is reversible error.' (footnote omitted). See also, Commonwealth v. Peetros, 206 Pa. Superior Ct. 503, 214 A. 2d 279 (1965), and Pendergraft v. Mississippi (involving the imposition of such a restriction during a noonday recess), 191 So. 2d 830 (1966). The fact that no prejudice resulted from such interference with the right to the assistance of counsel is, in our opinion, not controlling. Likewise, the fact that the period involved was of short duration does not alter the situation or obviate the error." (pp. 196, 197).

Determining that the trial court had committed reversible error in admonishing the defendant that he must not consult with counsel during the trial recess, on this ground (as well as other grounds), we reversed the judgment of sentence in *Vivian*. The Commonwealth does not challenge the apposition of *Vivian* to the case at bar but seeks a reconsideration by this Court of the soundness of the *Vivian* rule.

In *Tehan v. U. S. ex rel. Shott,* 382 U.S. 406, 416, 86 S. Ct. 459, 465 (1966) it was said: "The basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial . . . is to impede that purpose and to infect a criminal proceeding with the clear danger of convicting the innocent."

In *Commonwealth v. Werner,* 206 Pa. Superior Ct. 498, 214 A. 2d 276 (1965), while the defendant was on the stand under cross-examination, court was adjourned in the afternoon until the following morning. At that time the following colloquy took place: " '*Mr. Werner, you are under cross-examination, so do not discuss the case until your cross-examination is resumed tomorrow morning.* MR. CIRILLO: If the court please, in Mr. Yohn's presence, can I ask him a question—I just wanted to ask him if there are any other witnesses he wants me to call. THE COURT: *He certainly has a right to confer with you but I don't want him to discuss this testimony with you.* He is under cross-examination. But you may ask him about witnesses. There is no reason you cannot talk to him. I did not mean to cut off communication between you. MR. CIRILLO: All right, sir.' (emphasis added) Mr. Yohn represented the Commonwealth and Mr. Cirillo represented the defendant." (p. 500).

The Superior Court, relying on the rationale of *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963) and *United States v. Venuto,* 182 F. 2d 519 (1950) (CA 3), held that such limitation by the trial court of the right of an accused to discuss his testimony with his counsel violated the accused's constitutional right to the assistance of counsel and constituted reversible error even in the absence of any proof of actual prejudice to the accused.

In the trial court there is vested a discretion, albeit very limited, to impose certain restrictions on communications between an accused and his counsel, such as where the accused, testifying as of cross-examination, refuses to answer a question unless he be afforded an opportunity to consult with his counsel. However, such right of restriction on the part of the trial court, *aimed only at insuring orderly procedure in the trial itself,* does not extend to trial recesses. Common sense dictates such a result. Were the rule otherwise, vague and ill-founded suspicions could well arise in the minds of the jurors as a result of hearing the trial court notify the accused and his counsel, for no apparent reason, that they may not communicate with one another during a trial recess and the jurors would well have reason to ponder why such a prohibition had been imposed. The mere act of consultation between the accused and his counsel might well be tainted, by such restriction, with an aura of treachery and deception. In the case at bar the admonition was not made in order to preserve the orderly procedure of the trial itself but it took place when Scoleri was undergoing direct examination by his counsel and at a time when a trial recess had been directed. Guaranteeing the right to full and free consultation between the accused and his counsel, we believe that the *Vivian* rule is sound and must be retained even without any proof that the trial court's admonition caused any prejudice to the accused.

The Commonwealth next urges that the *Vivian* ruling should not be given retroactive effect. We need not consider the retroactive effect of *Vivian* in the case at bar. No objection was made to the instructions of the trial judge at the time such instruction was made and, in fact, when a motion for a new trial was made the alleged erroneous instruction was not assigned as a reason for a new trial. Prior to this appeal, the issue

was not raised and it is well settled that matters not raised in the court below may not be properly argued on appeal, whether direct or collateral. See: *Commonwealth v. Payton,* 431 Pa. 105, 244 A. 2d 644 (1968); *Commonwealth ex rel. Bell v. Rundle,* 420 Pa. 127, 216 A. 2d 57, cert. den. 384 U.S. 966, 86 S. Ct. 1599 (1966). While we have in some few instances permitted an exception to this rule and have entertained questions raised for the first time upon an appeal, such cases have always involved errors of such substance and prejudice as to result in an unfair trial and a deprivation of justice. This is not such a case. To the argument that our decision in *Vivian* (June 29, 1967) was handed down subsequent to Scoleri's trial, the answer is obvious. The ruling in *Vivian* followed that in *United States v. Veneto,* supra, decided many years prior to the trial of Scoleri. Not having raised any objection to the admonition of the court until the appellate level, Scoleri cannot now assign such admonition as error.

At trial, Scoleri took the witness stand and testified on his own behalf. Thereafter, by way of rebuttal and *solely* for the purpose of attacking Scoleri's credibility, the Commonwealth introduced into evidence Scoleri's prior convictions. From January 13, 1948 to March 16, 1948, Scoleri with others was accused of a series of armed robberies; upon apprehension, 24 indictments charging him with armed robbery were returned against him and he pleaded guilty to each of the 24 indictments. Such record of prior convictions the Commonwealth offered into evidence. The trial court permitted the introduction of such evidence and, in so doing, acted properly.

Where a defendant in a criminal case takes the witness stand in his own defense he occupies the same status as any other witness and his credibility is in issue. The Commonwealth may therefore, by way of

rebuttal evidence, introduce testimony as to his prior record of conviction of felonies or of misdemeanors in the nature of *crimen falsi* for the purpose of affecting his credibility. See: *Commonwealth v. Peterman*, 430 Pa. 627, 244 A. 2d 723 (1968) ; *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A. 2d 236 (1967) ; *Commonwealth v. Butler*, 405 Pa. 36, 173 A. 2d 468 (1961). Both the Commonwealth and the court at Scoleri's trial made clear beyond question that the record of Scoleri's prior convictions was introduced into evidence solely for the purpose of impeachment of his credibility as a witness and, in its instructions to the jury, the trial court made absolutely clear to the jury the extent to which they could consider such evidence. We find no error in this procedure. Cf. *Spencer v. Texas*, 385 U.S. 554, 87 S. Ct. 648, 652 (1967) ; *Luck v. U. S.*, 348 F. 2d 763, 768-771, (CA DC) (1965).

We have also considered the other questions raised by Scoleri on this appeal and find no merit in any of them.

Judgment affirmed.

Mr. Justice COHEN dissents.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

Anthony Scoleri has been tried and convicted three times on bills of indictment charging him with murder. Not only did he commit a terrible murder, from his conviction whereof he is now appealing, but between January 13, 1948 and March 16, 1948 he pleaded guilty to indictments charging him with 24 armed robberies. He has made a mockery of the Courts and has made a travesty of Justice.

The question of whether a defendant who is actually on the witness stand should be permitted to con-

sult with his attorney *should be a matter for the discretion of the trial Judge,*\* with, of course, the right of appeal. In the instant case, (1) *not only did Scoleri's counsel fail to object* to the admonition of the trial Court addressed to Scoleri, i.e., that he should not discuss his testimony with his counsel at recess time, but (2) I believe this admonition or restriction (a) was not error in this case, and (b) it was not an abuse of discretion, and (c) most important of all, *it was certainly not basic and fundamental error* which affects the merits or justice of the case and is the only ground upon which Scoleri *on the present record* may be entitled to a new trial. See *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301; *Jackson v. Denno,* 378 U.S. 368; *Douglas v. California,* 372 U.S. 353.

The right and power, and frequently the duty of a trial Court to restrict or prohibit conferences between a witness and his attorney during his direct testimony or cross-examination *is inherent,* not only to insure orderly procedure in the trial itself, but even more important (to attempt) to limit a witness's testimony to the unquestionable truth and prevent testimony which is false or changed after or induced by conferences of the witness with his counsel. If such conferences were permitted without proper limitations, they could occur many times during the defendant's (or any other witness's) testimony and it would open wide the door to perjury and "framed" testimony.

If recent decisions of the Supreme Court of the United States compel us to grant a new trial to such a dangerous enemy of society, we should of course do so; fortunately, such a deplorable result is unnecessary and unjustified.

---

\* If *Commonwealth v. Vivian,* 426 Pa. 192, 231 A. 2d 301, is not overruled, it should be limited to the facts in that case, and *should certainly not be retroactive.*

For these reasons, and particularly for the reason that there is no merit in any of Scoleri's present contentions and *certainly no basic or fundamental error,* I would affirm the Judgment.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I must file a concurring opinion for two reasons. First, I believe the majority applies the incorrect standard. They state that while this Court "has entertained questions raised for the first time upon an appeal, such cases have always involved errors of such substance and prejudice as to result in an unfair trial and a deprivation of justice." It is my view that this rule is no more than new words to express the "basic and fundamental" error test used by the dissent in *Commonwealth v. Simon,* 432 Pa. 386, 248 A. 2d 289 (1968) and the majority in *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968). Therefore, my objections as stated in those two cases apply with equal vigor here. The correct test for whether this court will consider an issue on appeal which was not raised below must hinge upon the ability of the trial court to have corrected the error if it had been brought to that court's attention. See *Commonwealth v. Simon,* 432 Pa. 386, 248 A. 2d 289 (1968).

Second, and perhaps more importantly, I am certain the majority employs its *own* standard incorrectly. The opinion explicitly states that they will consider questions not raised below if they are of "such substance and prejudice as to result in an unfair trial and a deprivation of justice." The majority then decides that Scoleri's denial of his right to the assistance of counsel during trial, a right guaranteed by the sixth amendment of the Constitution and of paramount importance was not of such substance. See my discussion of the importance of this right in *Commonwealth v. Simon,* 432 Pa. at 386, 248 A. 2d at 289. This

would appear to preclude *any* issue, even if of Constitutional dimensions, from being considered by our court unless raised below. But the same majority in *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968) holds that a *mere error* in the charge (for which no objection was made) can rise to "basic and fundamental error which affects the merit of the case . . . or offends against the fundamentals of a fair and impartial trial." Examining these two cases provides a shocking contrast—denial of a constitutional right is *not* fundamental (*Scoleri*) but an error in a charge *is* (*Williams*). This demonstrates two things: (1) the "basic and fundamental" test (or its equivalent "errors of such substance or prejudice") is very difficult to apply; (2) the test is so vague that it may result in denying the administration of even-handed justice since the determination of what constitutes errors sufficiently "fundamental" to merit consideration by our Court may be colored by the severity not of the error but of the crime itself.

The majority, in order to be consistent in the application of its rule, should reach the same result in *Scoleri* and *Williams*. Equal justice requires that the majority *either* deny Scoleri and Williams new trials (results which I believe would be correct) *or* grant both Scoleri and Williams the relief requested. In my view, the error of granting Williams a new trial is made more grievous and obvious by denying Scoleri relief.

Because I believe the failure of Scoleri's counsel to object to the judge's instructions was fatal to appellant's claim, see *Commonwealth v. Simon,* supra, I concur in the result reached by the majority.