## Commonwealth v. Keslar

*Abraham A. Hobson, 3rd,* Assistant District Attorney, for Commonwealth.

*Joseph M. Kilgarif,* for defendant.

HONEYMAN, J., June 13, 1973.—Defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquors by a judge without a jury on March 8, 1973. Sentence uas deferred on the representation that post trial motions were to be filed. No motions having been filed, the court sentenced defendant to pay a fine of $300, plus the cost

of prosecution on May 11, 1973. Defendant appealed to the Superior Court on May 25, 1973.

Defendant was observed by two Horsham Township policemen driving in a manner to suggest intoxication. The officers made a U-turn and proceeded to follow defendant. The officers stopped defendant at a point 300 yards into the adjoining township. They placed him under arrest, advised him of his rights and asked him to perform some coordination tests which he did unsuccessfully. He subsequently refused to submit to a chemical test of his breath. Based upon that and the opinions of two experienced police officers that defendant was under the influence of intoxicating liquors, which opinions were amply supported by the evidence, defendant was adjudged guilty by the court.

In this appeal, defendant now raises for the first time that his arrest was illegal because it was made in an adjoining township. Pennsylvania Rules of Criminal Procedure 304 and 323 concerning pretrial applications provide that same must be filed no later than 10 days before trial listing date. These would encompass the two specific applications that could flow from an allegedly illegal arrest, viz., an application to quash the indictment or an application to suppress evidence. Failure to do so, under the rules, constitutes a waiver thereof. Therefore, there was nothing before this court by way of relief sought from the allegedly illegal arrest.

With respect to the issues before the Superior Court on the appeal taken from the judgment of sentence of this court, it would appear clear under the decisional law that defendant may not raise the issue of the alleged illegality of his arrest for the first time in an effort to obtain an arrest of judgment or a new trial. The Supreme Court said in Commonwealth v. Scoleri, 432 Pa. 571 (1968), at page 578:

"Prior to this appeal, the issue was not raised and

it is well settled that matters not raised in the court below may not be properly argued on appeal, whether direct or collateral . . . While we have in some few instances permitted an exception to this rule and have entertained questions raised for the first time upon an appeal, such cases have always involved errors of such substance and prejudice as to result in an unfair trial and a deprivation of justice."

Certainly, the fact that the township police officer pursued defendant for approximately 300 yards into a neighboring township before stopping him and placing him under arrest does not give rise to such an error of substance or prejudice so as to constitute the trial held before the undersigned judge unfair. Defendant did not raise the issue before trial and he should not be heard to complain about his conviction of guilt which was amply supported by the evidence. Neither should he be heard to complain about the sentence which was extremely lenient under all the circumstances.