STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LAWRENCE J. FUSCO, II, DEFENDANT-APPELLANT.

Argued May 9, 1983—Decided July 14, 1983.

*John J. D'Anton*, Designated Counsel, argued the cause for appellant (*Joseph H. Rodriguez*, Public Defender, attorney).

*Marc J. Friedman*, Assistant Prosecutor, argued the cause for respondent (*George L. Schneider*, Essex County Prosecutor, attorney).

*Ronald Susswein*, Deputy Attorney General, argued the cause for *amicus curiae* Attorney General of the State of New Jersey (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

GARIBALDI, J.

This appeal involves defendant's right to assistance of counsel, pursuant to the Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution. Specifically, the issue presented is whether a court order prohibiting defendant from discussing his testimony with his

attorney during an overnight recess deprives defendant of his constitutionally guaranteed right to assistance of counsel. We hold that it does.

Defendant, Lawrence J. Fusco, II, was charged in two indictments with murder while armed, in violation of the then-applicable statutes, *N.J.S.A.* 2A:113–2 and *N.J.S.A.* 2A:151–5. The indictments arose out of incidents occurring on July 15, 1979 that resulted in the death of Vincent Marolda. Undisputed testimony at trial revealed that for over a year prior to the murder, defendant dated Michelle Marolda, the victim's wife, who was then separated from her husband. Shortly before the murder, Michelle informed defendant that she wished to end their relationship. The State's witnesses testified that defendant, fearing Michelle would return to her husband, desperately enlisted the aid of two friends, Robert Thompson and Rhoda Leeb, and thereafter ambushed and murdered the victim.

While in jail awaiting trial for the Marolda murder, defendant was indicted for conspiring with another inmate to have Robert Thompson, the key witness against him, murdered. Defendant was then indicted for conspiracy to commit Thompson's murder in violation of *N.J.S.A.* 2C:5–2. The indictments subsequently were consolidated for trial.

Because the State's case rested largely on circumstantial evidence, defendant's attorney requested at the pretrial conference that witnesses be sequestered during trial. The following stipulation appeared as Item 18 in the pretrial memorandum:

> 18. Reciprocal sequestration and a witness on the stand whose direct testimony shall have been completed shall not be spoken to by the attorney who calls him insofar as his testimony is concerned. Sequestration is interpreted that deft's witnesses may be present during the State's case and the State's witnesses during the deft's case.

At the outset of trial, the trial court reminded the attorneys that Item 18 of the pretrial memorandum required witnesses to be sequestered. Several times during the two-week trial the

court invoked the provisions of Item 18.[1]   Similarly, as the defense was about to present its case, the court again reminded counsel of the sequestration order.

On March 26, 1980, defendant took the stand,[2] and in the midst of his cross-examination, the court indicated that it would recess for the day.   After the jury left the courtroom, defendant, who remained on the stand, addressed the trial judge regarding the prosecutor's questions:

THE WITNESS [Defendant]:  Your Honor, could I ask you a question?
THE COURT:  Yes, Mr. Fusco.
THE WITNESS:  Your Honor, Mr. Menz asked me the question before and I never got to completely finish.  He went completely away from it on this here.
THE COURT:  So you say this here, you mean what?
THE WITNESS:  The Statements like this me here saying that the Police did it on August 23 and then yet it's typed August 22.  He went away from the question completely on me.
THE COURT:  You may review that.
THE WITNESS:  It just baffles me, sir.  I'm trying to understand a little bit too because it's my life on the line.
THE COURT:  You may review that with your attorney.
MR. MENZ:  Excuse me, your Honor.  He may not as I understand the Court ruling most respectfully.
THE COURT:  Yes, that is correct.
MR. GROSS:  I'm not allowed to talk to my client?
THE COURT:  You'll recall I believe it was your request in fact, Mr. Gross that no witness would be spoken to until after direct until the time—
MR. GROSS:  It was my request but I certainly didn't interpret that to mean my client.  I can't imagine the [S]ixth [A]mendment going to serve by saying any time a defendant in a criminal case should be barred from speaking to his counsel.
MR. MENZ:  Your Honor, that was counsel's request and it's on the record.
MR. GROSS:  No, sir, there's nothing on the record that I said that I couldn't talk to my client any time.

---

[1]Only once did the court refuse an order for sequestration, and that was because the witness had not yet completed direct testimony when the recess occurred.

[2]The court and the prosecutor did not mention the sequestration order when defendant first took the stand, nor was sequestration mentioned immediately before the lunch or mid-afternoon recesses that interrupted the State's cross-examination of defendant.

At this point the court and both counsel engaged in an extended argument over the scope and meaning of the sequestration order.[3] Defendant's counsel, however, continued to insist that defendant was "entitled to the sanction and opportunity to visit with his attorney." At the close of the argument, defendant's counsel finally agreed that he would not discuss the defendant's testimony or cross-examination with him but would only "counsel with him." The court then recessed for the evening. When the trial resumed the next morning, no further mention was made of the sequestration order.

The jury found defendant guilty on all counts, and he was subsequently sentenced to life imprisonment, with a concurrent five to seven year sentence for being armed. A consecutive seven year sentence also was imposed for conspiracy to commit murder.

Defendant raised ten issues on appeal, one of which was that the court's order prohibiting him from discussing his testimony with counsel during the overnight recess violated his right to assistance of counsel under the federal and state constitutions. The Appellate Division found the balance of defendant's arguments meritless and affirmed the convictions. The Appellate Division did, however, observe that the trial judge had incorrectly restricted defendant's communication with his attorney. Nevertheless, because this restriction did not prejudice the defendant and because defendant's guilt was "inescapably apparent," the Appellate Division did not require a reversal of the judgment.

We granted defendant's petition for certification,[4] 91 *N.J.* 568 (1982), limited solely to the issues arising from the trial court's

---

[3]Counsel and the trial court disagreed over what had transpired during the pretrial conference. Unfortunately, no transcript of the pretrial conference is included in the record.

[4]We also granted the Attorney General's request to appear as *amicus curiae.*

order restricting defendant's communication with counsel. We reverse the Appellate Division's judgment and remand for a new trial.

## I

The Sixth Amendment, applicable to the states by virtue of the Fourteenth Amendment, *Gideon v. Wainwright*, 372 *U.S.* 335, 83 *S.Ct.* 792, 9 *L.Ed.*2d 799 (1963), guarantees that in a criminal prosecution the "accused shall enjoy the right ... to have the Assistance of Counsel for his defense." The New Jersey Constitution contains almost identical language.[5]

While several lower courts have held that an order prohibiting a defendant in a criminal action from consulting with his attorney during an overnight recess violates the defendant's constitutional right to assistance of counsel, *e.g., United States v. Venuto*, 182 *F.*2d 519 (3d Cir.1950); *People v. Noble*, 42 *Ill.*2d 425, 248 *N.E.*2d 96 (1969); *Commonwealth v. Werner*, 206 *Pa.Super.* 498, 214 *A.*2d 276 (1965), the watershed case on this issue is the United States Supreme Court decision in *Geders v. United States*, 425 *U.S.* 80, 96 *S.Ct.* 1330, 47 *L.Ed.*2d 592 (1976).

The defendant in *Geders* had been indicted for drug offenses and chose to testify in his own defense. At the conclusion of defendant's direct testimony at 4:55 p.m. and before recessing for the night, the trial court instructed the defendant not to talk with counsel "about anything" nor to discuss his testimony with anyone. *Id.* at 82, 96 *S.Ct.* at 1332, 47 *L.Ed.*2d at 596. Counsel timely objected but complied with the order. The United States Court of Appeals for the Fifth Circuit affirmed *sub nom. United States v. Fink*, 502 *F.*2d 1 (1974), finding that no prejudice to defendant had resulted from the order. The Supreme Court unanimously held that the order unconstitutionally impinged upon the defendant's right to the assistance of counsel and held

---

[5] "In all criminal prosecutions the accused shall have the right ... to have the assistance of counsel in his defense." *N.J. Const.* Art. I, ¶ 10.

that defendant need not show how the error prejudiced him. Thus, the Court reversed the lower court and remanded for a new trial.

In its analysis, the Court recognized the "important role the trial judge plays in the federal system of criminal justice." 425 *U.S.* at 86, 96 *S.Ct.* at 1334, 47 *L.Ed.*2d at 598. "The judge's power to control the progress and . . . the shape of the trial includes the broad power to sequester witnesses before, during, and after their testimony." *Id.* at 87, 96 *S.Ct.* at 1334, 47 *L.Ed.* 2d at 598. Nevertheless, the Court emphasized that a defendant in a criminal prosecution is "not simply a witness . . . . A sequestration order affects a defendant in quite a different way from the way it affects a non-party witness who presumably has no stake in the outcome of the trial. . . . [A] defendant in a criminal case must often consult with his attorney during the trial." *Id.* at 88, 96 *S.Ct.* at 1335, 47 *L.Ed.*2d at 599. The Court observed that sequestration of a witness is used primarily to prevent that witness from being exposed to other witnesses' testimony. Since a criminal defendant has the constitutional right to be present during the entire trial, the most important reason for sequestering a witness is not applicable to a defendant. *Id.*

Noting that a defendant ordinarily is "ill-equipped to understand and deal with the trial process without a lawyer's guidance," *id.,* the Court emphasized the importance of counsel's role at trial:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. . . . [A defendant] is unfamiliar with the rules of evidence. . . . He lacks both the skill and knowledge adequately to prepare his defense, even though he [may] have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. *Powell v. Alabama,* 287 US 45, 68–69, 77 L Ed 158, 53 S Ct 55 [64], 84 ALR 527 (1932)
>
> [*Id.* at 88–89, 96 *S.Ct.* at 1335, 47 *L.Ed.*2d at 599]

*See Gideon v. Wainwright, supra.*

In particular, the Court stressed the importance to a defendant of the right to confer with his attorney during an overnight recess:

It is common practice during such recesses for an accused and counsel to discuss the events of the day's trial. Such recesses are often times of intensive work, with tactical decisions to be made and strategies to be reviewed. The lawyer may need to obtain from his client information made relevant by the day's testimony, or he may need to pursue inquiry along lines not fully explored earlier. At the very least, the overnight recess during trial gives the defendant a chance to discuss with counsel the significance of the day's events. [425 *U.S.* at 88, 96 *S.Ct.* at 1335, 47 *L.Ed.*2d at 599]

The Court identified only one possible reason for restricting communication between a criminal defendant and his attorney during a court recess, namely, the risk of counsel's improperly "coaching" the defendant. *Id.* at 89, 96 *S.Ct.* at 1335, 47 *L.Ed.*2d at 600. Nevertheless, the Court held that this fear of unethical conduct was insufficient to sustain the trial court's restriction on communication.

There are a variety of ways to further the purpose served by sequestration without placing a sustained barrier to communication between a defendant and his lawyer. To the extent that conflict remains between the defendant's right to consult with his attorney during a long overnight recess in the trial, and the prosecutor's desire to cross-examine the defendant without the intervention of counsel, with the risk of improper "coaching," the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel. *Brooks v. Tennessee,* 406 US 605, 32 L Ed 2d 358, 92 S Ct 1891 (1972). [*Id.* at 91, 96 *S.Ct.* at 1336, 47 *L.Ed.*2d at 601]

We agree with the statement in the concurring opinion of Justice Marshall in *Geders,* joined by Justice Brennan, that it is "difficult to conceive of *any* circumstances that would justify a court's limiting the attorney's opportunity to serve his client because of a fear that he may disserve the system by violating accepted ethical standards." *Id.* at 93, 96 *S.Ct.* at 1337, 47 *L.Ed.* 2d at 602 (Marshall, J., concurring) (emphasis added). We believe that defendant's constitutionally guaranteed right to the assistance of counsel clearly outweighs the risk to the criminal justice system that some attorneys may violate their ethical obligations.

In *Geders* the Supreme Court held that the order preventing the defendant from consulting with his counsel "about anything" during the overnight recess impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment.

Significantly, the Court added, "We need not reach, and we do not deal with, limitations imposed in other circumstances." *Id.* at 91, 96 *S.Ct.* at 1336, 47 *L.Ed.*2d at 601. The State contends that *Geders* is distinguishable from this case because the trial court's order here prohibited defendant from discussing only his testimony and did not, as in *Geders,* prevent him from discussing anything with his attorney. We are unconvinced by this argument and find the *Geders* analysis equally applicable to this case.

A defendant's own testimony can be a critical part of his defense. It is defendant's opportunity to tell his story in his own words. It is a chance for defendant to display his own demeanor and testimonial qualities to the finder of fact who will ultimately determine the credibility of his defense. To allow a defendant the opportunity to confer with counsel during an overnight recess about everything but his own testimony is to deny the defendant the right to discuss the very thing he wants most to discuss with counsel. Further, defendant's right to discuss his testimony with counsel is most crucial when defendant is in the midst of, or about to begin, testimony on cross-examination. A lay defendant, unfamiliar with the techniques of a skillful cross-examiner, may become confused under the pressure of the prosecutor's questions and be unable to testify fully and well.

■ We agree with the Superior Court of Pennsylvania that [i]t is not the function of the trial judge to decide what a defendant's defense should be, nor when or how that defense should be planned, nor how much consultation between a defendant and his retained counsel is necessary to adequately cope with changing trial situations. That is the function of counsel. The defendant had the right to discuss the entire case, including his own testimony, with his attorney .... Discussion of this testimony might have been very important in determining the future course of his defense.

[*Commonwealth v. Werner,* 206 *Pa.Super.* 498, 501, 214 *A.*2d 276, 278 (1965)].

*See Jackson v. United States,* 420 *A.*2d 1202, 1205 (D.C.1979).

■ Because of the extreme importance of defendant's right to confer with counsel during an overnight recess, we find that under the *Geders* rationale no logical distinction exists between

a blanket restriction and a restriction limited only to testimony. Both prohibitions result in an impermissible infringement of the right to assistance of counsel. Hence, we hold that an order prohibiting a defendant during an overnight recess from discussing his own testimony with his attorney is a violation of the defendant's right to the assistance of counsel as guaranteed by the federal and state constitutions.

### II

The Appellate Division recognized that the trial court improperly restricted defendant's right to confer with counsel during the overnight recess. Nevertheless, the court held that the error did not require reversal of the conviction because defendant failed to show prejudice. We disagree.

The Supreme Court in *Chapman v. California,* 386 *U.S.* 18, 87 *S.Ct.* 824, 17 *L.Ed.*2d 705 (1967), held that some constitutional errors may be harmless, but that others are of such constitutional magnitude that they are always reversible error. As an example, the Court cited the constitutional guaranty of the right to assistance of counsel and said that it is a fundamental right "so basic to a fair trial that [its] infraction can never be treated as harmless error." *Id.* at 23, 87 *S.Ct.* at 827, 17 *L.Ed.*2d at 710. *Cf. Morris v. Slappy,* —— *U.S.* ——, 103 *S.Ct.* 1610, 75 *L.Ed.*2d 610 (1983) (concerning ineffective assistance of counsel, rather than deprivation of assistance of counsel).

Even before *Chapman,* the Supreme Court had established that "[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser v. United States,* 315 *U.S.* 60, 76, 62 *S.Ct.* 457, 467, 86 *L.Ed.* 680, 702 (1942). We have also held that certain violations of the right to assistance of counsel are reversible error. *See, e.g., State v. McCloskey,* 90 *N.J.* 18 (1982) (violation of *Miranda* rights); *State v. Land,* 73 *N.J.* 24 (1977) (ineffective assistance of counsel due to conflict of interest).

The Supreme Court held in *Geders* that a defendant who is prohibited by the court from discussing anything with counsel during an overnight recess need not show prejudice to establish reversible error. Since *Geders,* courts have disagreed whether defendants in cases involving circumstances different from those in *Geders* must show prejudice to receive new trials. In reaching their decisions, courts have considered, with varying emphasis, the following three factors: the length of the recess, the scope of the prohibition, and whether an objection was made to the prohibition.

Some courts have extended *Geders* to hold that defendants need not show prejudice even when restrictions varying in scope are imposed for only short periods of time. *United States v. Conway,* 632 *F.*2d 641 (5th Cir.1980) (blanket restriction imposed during lunch recess); *United States v. Vesaas,* 586 *F.*2d 101, 102 n. 2 (8th Cir.1978) (indicating "grave doubts" whether ban on discussing testimony during short recess would be constitutional); *United States v. Bryant,* 545 *F.*2d 1035 (6th Cir.1976) (blanket restriction imposed during lunch recess); *see United States v. Allen,* 542 *F.*2d 630 (4th Cir.1976), *cert.* denied, 430 *U.S.* 908, 97 *S.Ct.* 1179, 51 *L.Ed.*2d 584 (1977) (routine recess); *Jackson v. United States,* 420 *A.*2d 1202 (D.C.1979) (ban on testimony during lunch recess); *Stripling v. State,* 349 *So.*2d 187 (Fla.App. 1977) (blanket restriction imposed during lunch recess). *But see Stubbs v. Bordenkircher,* 689 *F.*2d 1205 (4th Cir.1982) (lunch recess, specific prejudice necessary); *United States v. DiLapi,* 651 *F.*2d 140 (2d Cir.1981), *cert.* denied, 455 *U.S.* 938, 102 *S.Ct.* 1427, 71 *L.Ed.*2d 648 (1982) (five minute recess, specific prejudice necessary); *Bova v. State,* 410 *So.*2d 1343 (Fla.1982) (ten minute recess, specific prejudice necessary); *People v. Seider,* 98 *Ill.App.* 3d 175, 53 *Ill.Dec.* 413, 423 *N.E.*2d 1217 (1981) (short recess to which defendant did not object, specific prejudice required); *People v. Narayan,* 88 *A.D.*2d 622, 449 *N.Y.S.*2d 1008 (1982) (majority and dissent disputed length of time of bar, specific prejudice necessary); *State v. Perry,* 299 *S.E.*2d 324 (S.C.1983) (fifteen minute recess, specific prejudice necessary).

Courts applying *Geders* to cases involving overnight recesses have recognized that defendants who object to the prohibition need not show prejudice to establish reversible error. However, if a defendant has not objected to the prohibition, some courts have held that prejudice must be shown. *See, e.g., Bailey v. State,* 422 *A.*2d 956 (Del.1980) (showing of prejudice required because defendant had not timely objected to restriction on testimonial communication imposed during overnight recess); *People v. Narayan,* 88 *A.D.*2d 622, 449 *N.Y.S.*2d 1008 (1982) (defendant did not object to restriction on communication until morning after restriction imposed, whereupon the trial court *sua sponte* reversed itself; thus "any alleged interference with their right to consult was minimal"). *Cf. Bailey v. Redman,* 657 *F.*2d 21 (3d Cir.1981), *cert.* denied, 454 *U.S.* 1153, 102 *S.Ct.* 1024, 71 *L.Ed.*2d 310 (1982) (deprivation of assistance of counsel had not occurred because defendant did not object to restriction on communication, but if defendant had objected, prejudice need not be established).

Two additional reasons emerge for rejecting a rule that prejudice must be shown when a defendant's right to assistance of counsel is violated: one, the impact of prejudice from being deprived of assistance of counsel cannot adequately be assessed from the record, *see Holloway v. Arkansas,* 435 *U.S.* 475, 490, 98 *S.Ct.* 1173, 1182, 55 *L.Ed.*2d 426, 438 (1978); two, in some circumstances a rule requiring prejudice to be shown could require a defendant and his counsel to disclose privileged communication.

From our review of the above cases, we hold that a court-imposed restriction on a defendant's right to communicate with counsel during an overnight recess, whether the restriction is total or limited only to defendant's testimony, constitutes the deprivation of a right so fundamental that it is reversible error

and prejudice need not be shown.[6]  We do not decide whether such restrictions would be reversible error if the recess were for a period shorter than overnight or if defendant had not objected to the restriction.[7]

### III

■  We find totally unpersuasive the State's arguments that, one, defendant's counsel consented to Item 18; or two, even if he did not consent to Item 18, he nevertheless at trial consented to the limited restriction.  First, we observe that the language of Item 18 is ambiguous as to whether defendant was intended to be included within its scope.  A defendant who takes the stand in his own defense is a "witness"; however, the second sentence of Item 18 states that "witnesses are not allowed to be in the courtroom during the presentation of the opposing party's case."  Because a criminal defendant has the right to be present throughout his trial, the word "witnesses," as used in the second sentence, obviously cannot refer to a defendant who takes the stand.  Therefore, "witnesses" as used in the first sentence of Item 18 may well not include defendant.

Second, the record is clear that defendant's counsel never intended Item 18 to apply to defendant.  See *supra* at 581.  Further, it is evident from the record that counsel never consented to the imposition of the limited bar.  Throughout their argument over defendant's right to confer with his attorney, counsel vigorously opposed any restriction.  Only when faced with the realization that the court would not permit him to

---

[6]Although we do not require defendant to show prejudice to establish reversible error here, we note that the record suggests that defendant was in fact prejudiced.  After complaining of confusion to the trial court, defendant was initially told to review it with his attorney.  The trial court's order that prevented defendant from doing so very likely impaired his defense.

[7]Nor do we reach the question of whether a defendant, who in the course of his examination requests a recess in order to communicate with counsel but is refused, has been denied his right of assistance to counsel.

confer with his client at all did he reluctantly agree to limit his discussion with defendant to non-testimonial matters. Had counsel not offered to limit his communication with defendant, the blanket restriction would have been imposed. Counsel's agreement was an effort to save for his client as much of his constitutionally guaranteed rights as he could. Counsel may have been imprecise in voicing his objection to the court's restriction on testimonial communication. Nevertheless, we find the record clear that counsel objected to *any* application of Item 18 to his client and to *any* restriction on his right to communicate with his client during the recess.

Third, the right to the assistance of counsel is fundamental. *State v. McCloskey*, 90 *N.J.* 18, 26 n. 1 (1982). When waiver of fundamental rights is at issue, "courts assume that defendants seek the advantage of such basic protections, [thus], they 'indulge every reasonable presumption *against* waiver of these fundamental constitutional rights.'" *Id.* at 25 (emphasis added); *see also Glasser v. United States, supra,* 315 *U.S.* 70, 62 *S.Ct.* 464, 86 *L.Ed.* 699. We require strong evidence showing a defendant knowingly and intelligently waives his right to be assisted by counsel, otherwise a waiver will be held invalid. *State v. McCloskey, supra,* 90 *N.J.* at 28–29. Every reasonable presumption should be indulged against a finding of waiver. *State v. Green,* 129 *N.J.Super.* 157 (App.Div.1974); *see State v. Baskerville,* 73 *N.J.* 230 (1977) (knowing and intelligent waiver needed to give up Sixth Amendment right to call witnesses). The record discloses that counsel never intended to and never did waive defendant's constitutional right to assistance of counsel.[8]

---

[8]Counsel can make procedural and tactical stipulations for a client and the client will be bound by them. *State v. Powell,* 176 *N.J.Super.* 190, 195 (App.Div.1980); *State v. Ciniglio,* 57 *N.J.Super.* 399, 405–06 (App.Div.1959). Here counsel never intended to waive defendant's constitutional right to counsel; thus, we do not reach the issue of whether counsel can effectively waive a client's right to confer with counsel during a trial recess.

## IV

In conclusion, we hold that the trial court's order prohibiting defendant from discussing his testimony with counsel during an overnight recess deprived defendant of his right to the assistance of counsel guaranteed by the federal and state constitutions. Such a deprivation is so fundamentally a violation of defendant's constitutional right to assistance of counsel that it constitutes reversible error whether or not prejudice is shown.

We reverse the judgment of the Appellate Division and remand for a new trial.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.