Commonwealth *v.* Davy, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before ATKINS, P. J.

*Hugh S. Rebert,* Assistant Public Defender, for appellant.

*Morrison B. Williams,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant was found guilty by a jury of armed robbery with an accomplice, burglary, larceny, receiving stolen goods, wantonly pointing a deadly weapon, and simple assault and battery. He was sentenced to a term of five (5) to ten (10) years in a State Correctional Institution.

Appellant's principal contention is that since various fruits of the crime were suppressed because they were seized as a result of an illegal arrest, the pre-trial identification should also have been suppressed. Appellant also raises two other contentions in his brief.[1]

The facts of the case reveal that at approximately 9:00 p.m. on September 20, 1971, two men broke into a residence occupied by Robert Ream, his wife Dorothy, and their 15 year old daughter, Susan. One of the men was wearing a stocking over his face and the other wore a woman's wig and carried a sawed-off shotgun. The men threatened the Reams with the shotgun and ransacked the house. Each member of the family had

---

[1] Appellant cites *Commonwealth v. Futch,* 447 Pa. 389, 290 A. 2d 417 (1972), for the proposition that his preliminary arraignment came after an "unnecessary delay." We do not believe that the *Futch* case and its progeny were intended to encompass the facts of the instant case as there was no "reasonable relationship" between the four-hour delay and the obtaining of the evidence.

Appellant also contends his presentation before the jury in handcuffs was so prejudicial as to constitute fundamental error. Appellant made no objection during the trial and therefore has waived his right to raise this on appeal. *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968); *Commonwealth v. Harding,* 225 Pa. Superior Ct. 84, 310 A. 2d 326 (1973).

several opportunities to closely observe the men, particularly the appellant. Their identifications were all based on the fact that the appellant was definitely the man with the stocking over his face. They all commented on the appellant's facial and hair features through his stocking mask.

Appellant contends that the Reams placed strong emphasis in their identification on the fact that he had a mustache and was wearing sandals. He contends that since he was the only one in the lineup with a mustache and sandals that this was highly prejudicial. A careful review of the record indicates that the Reams had sufficient opportunity to observe the appellant and their lineup identification was not tainted by the appellant being the only one wearing sandals and having a mustache. They were extremely positive of the appellant's identification and their testimony reveals that it was not based solely on the fact that appellant had a mustache and was wearing sandals. "Q. All right. What—was there anything distinctive about these individuals that caused you to pick them out of the lineup? A. (Mr. Ream) No. Q. Yet you are able to identify him (the appellant)? A. (Mrs. Ream) Yes, I am. Q. Based on what, if you recall? A. (Mrs. Ream) He had dark hair and at the time he had a mustache and *when you see someone under these circumstances you don't forget them.* (Emphasis added.) Q. Now getting back to the mustache and the sandals you say you don't remember whether anyone else in the lineup . . . A. (Susan Ream) No, because when I looked at him (the appellant), I didn't bother . . . Q. Why did you know him? A. (Susan Ream) Because I saw him in the hall I knew him."

Even though the suppression hearing judge found that execution of the search warrant, which had yielded incriminating evidence, was defectively issued without probable cause, we need not ignore the identity of

458

the appellant in the lineup. In *Commonwealth v. Garvin*, 448 Pa. 258, 264, 293 A. 2d 33, 37 (1972), the Supreme Court said: "Although we agree with appellant as to the illegality of the arrest we must disagree with his contention that the identifications must be suppressed. No law abiding society could tolerate a presumption that but for the illegal arrest the suspect would never have been required to face his accusers. Thus, we conclude that the only effect of the illegal arrest was to hasten the inevitable confrontation and not to influence its outcome."

Judgment of sentence is affirmed.