## Commonwealth *v.* Christman, Appellant.

456

Argued October 3, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Anthony C. Troiano,* Assistant Trial Defender, with him *Daniel T. Zamos,* Assistant Director, and *George H. Ross,* Director, for appellant.

*Charles B. Watkins,* Assistant. District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

In 1951 appellant was convicted of murder in the first degree and was sentenced to life imprisonment. No appeal was taken. In 1967 appellant filed a writ of habeas corpus, claiming (1) that he had not been represented by counsel at the time of his sentencing; (2) that he had not had a separate hearing to determine the validity of his allegedly involuntary confession; (3) that the trial judge had denied appellant his right to counsel by directing him to remain silent while a witness was being cross-examined; and (4) that appellant did not know his right to appeal, nor of his right to have counsel appointed to perfect an appeal as required by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968).

A hearing was held on appellant's petition, after which Judge ELLENBOGEN concluded that appellant had not been represented by counsel at sentencing. Accordingly, appellant's sentence was vacated and Judge ELLENBOGEN, later sitting as sentencing judge, reimposed a life sentence on appellant, who then of course was represented by counsel. Appellant was also given a hearing under *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964), to determine the validity of his con-

fession; this issue, as well as appellant's claim that he had been denied the right to counsel at trial, was determined adversely to appellant. The hearing judge did not decide appellant's denial of the right to appeal claim because he felt that his determination that appellant "is entitled to be resentenced, with counsel present, will automatically afford him the right to file an appeal within the prescribed time limits . . . ." Appellant has appealed from the resentencing and from the determinations made at his collateral hearing.

## Reimposition of Sentence

Appellant apparently has appealed from the reimposition of a life sentence, but it is unclear on what his claim is based. In his brief, appellant's counsel merely reiterates that appellant was denied counsel at his *original* sentencing, notes that as a result the sentence was vacated for imposition of a new sentence, and states that "the Court's attention is directed to this procedure." Unfortunately, our attention is not directed to anything that might be improper about this procedure. Surely appellant is not arguing that his new sentence *must* be different from his original sentence. Nor is there anything wrong with having the same judge who granted appellant the right to a resentencing preside over that resentencing.

## Voluntariness of Appellant's Confession

After the *Jackson* hearing, the court ruled that appellant's confession was voluntary. Appellant's confession was not available, having apparently been lost by the district attorney's office, and appellant claims that this deprived him of a fair hearing.

Although it of course would be preferable to have appellant's actual confession available, we do not see how this would be relevant to a determination of wheth-

er or not it was voluntarily given. Determination of whether a confession is voluntary is dependent on facts wholly independent of anything that appears on the actual document.[1] The confession itself is not even necessary in deciding appellant's claim that he merely signed a blank sheet of paper, upon which his allegedly coerced confession was later typed. Viewing the actual confession would be unlikely to cast any light on the truth or falsity of that contention.

Considerable testimony was introduced at the hearing bearing on the voluntariness of the confession. From that testimony, the hearing judge determined that the confession was voluntary, and we believe that his determination was correct.

Appellant also argues that the validity of his confession should be determined under the rules established in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966). Although his confession was elicited in 1950, appellant claims that *Miranda* applies to retrials, and that the vacating of his sentence and his subsequent resentencing constitute a retrial. Although there is considerable disagreement as to whether *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772 (1966), requires that *Miranda* be applied to retrials,[2] this Court has not yet decided this issue and need not do so here, for this is not, by any stretch of the imagination, a re-

---

[1] Although it is possible that the actual document might be relevant in a case where appellant claims he was beaten and where he alleges that the statement which he signed is bloodstained, or contains the imprint of a rubber hose, no such problem is present here.

[2] See Comment, 116 U. Pa. L. Rev. 316, 317 (1967), and cases cited therein. Although our footnote said in *Com. v. Eckhart*, 430 Pa. 311, 316, 242 A. 2d 271 (1968), that the rule applied on retrial, it was not necessary to the decision in that case and does not control it. The Supreme Court of the United States has granted certiorari to decide this issue. *Jenkins v. Delaware*, 37 U.S. Law Week 3184 (November 19, 1968).

trial. Rather, appellant has merely been resentenced, this time with counsel present, but his new sentence is based on his 1951 trial, the only trial which appellant has received. We thus conclude that the determination that appellant's confession was validly obtained was made at a fair hearing conducted under the proper legal standard.

## Deprivation of Counsel at Trial

While a witness was testifying, appellant leaned across the table at which he was seated to speak with his attorney. The trial judge ordered appellant to cease talking and to remain silent. Appellant contends that this prevented him from conferring with his attorney, thus depriving him of a fair trial. Appellant's trial counsel testified at appellant's hearing that the trial judge's order did not in any way hinder the prosecution of appellant's defense. The hearing court found as a fact that the trial judge's statement was made in an effort to keep order in the courtroom, a duty with which the trial judge is charged.

This case is different than *Commonwealth v. Vivian*, 426 Pa. 192, 231 A. 2d 301 (1967), where the defendant was not permitted to speak with counsel during a trial *recess*. Although defendant is of course entitled to the assistance of consultation with counsel in the courtroom he may not disrupt the trial. This problem is not present in the *Vivian* situation, where there is "no justification for imposing a restriction of silence between accused and counsel during a trial recess." *United States v. Venuto*, 182 F. 2d 519, 522 (3d Cir. 1950). Although we held in *Vivian* that as a result, a showing of prejudice is not necessary, here, where there may be clear justification for the trial

judge's order, we believe that at the least, prejudice must be shown. Since appellant's counsel testified that he believed that appellant's defense was not hindered, the hearing judge's determination that appellant was not prejudiced supports the rejection of appellant's denial of counsel claim.

## Right of Direct Appeal

Appellant has a right to appeal the decision of the trial court within forty-five days of his sentencing. Act of May 11, 1927, P. L. 972, §1, 12 P.S. §1136. Since appellant's original sentence was vacated, the date of his sentencing was the date on which he was given his *new* sentence, and at that point, as Judge ELLENBOGEN pointed out, appellant had an automatic right to take a direct appeal. It thus is something of a mystery why appellant continues to press his *Douglas* claim, when after his new sentence he was represented by counsel and obviously knew of his right to appeal.

Since appellant failed to file an appeal from the judgment of sentence within forty-five days of his new sentencing, he has waived his right to appeal therefrom. Alternatively, we may consider appellant's present appeal from the collateral hearing as also encompassing his direct appeal.[3] In either case, appellant's claims have been heard, and he no longer can claim *Douglas* relief on this record.

---

[3] We do not mean to imply that this is a case like *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967), where appellant, after a guilty plea, could raise no issues on direct appeal other than those which he could raise at a collateral hearing. Here appellant had a trial and perhaps could have made claims on appeal different from those made at his collateral hearing. The fact is, however, that appellant either failed to take an appeal, or did not include those potential claims in his appeal, thus waiving them in either event.

The judgment of sentence of the Court of Oyer and Terminer and the order of the Court of Common Pleas dismissing appellant's petition for a writ of habeas corpus are both affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.