Commonwealth *v.* Logan, Appellant.

Argued April 19, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*A. Benjamin Johnson, Jr.,* for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

Appellant, Calvin Logan, was tried by a judge and jury and found guilty of murder in the second degree. Post-trial motions were denied and appellant was sentenced to a term of eight to eighteen years in a state correctional institution. This appeal followed.

During the course of appellant's trial, while he was on the witness stand, the trial judge called a recess for the convenience of one of the jurors. When the recess was called, appellant left the witness stand and approached his attorney at counsel table, for the purpose of asking his counsel questions. The district attorney, upon seeing this, objected to appellant's conference with his attorney, and the judge thereupon ordered appellant back to the witness stand. Appellant's counsel then moved for a mistrial, which was denied.

Appellant now urges this court to reverse his conviction upon the basis that the trial judge's ruling denied him effective assistance of counsel and cites *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967), to support his contention. In *Vivian, supra,* we held it was reversible error for a trial judge to prohibit a defendant from speaking to his attorney during a court recess. In so holding, we stated: "The fact that no

prejudice resulted from such interference with the right to assistance of counsel is, in our opinion, not controlling. Likewise, the fact that the period involved was of short duration does not alter the situation or obviate the error." At page 197.

In the instant case, as in *Vivian, supra,* we are led to the conclusion that appellant was denied his right to effective assistance of counsel.

The Commonwealth contends that the instant case is controlled by *Commonwealth v. Christman,* 432 Pa. 455, 247 A.2d 451 (1968), rather than *Vivian, supra.* We do not agree. In *Christman,* we held that absent a showing of prejudice, a defendant was not denied effective assistance of counsel by a judge's ruling that he was not to speak with his attorney during the testimony of other witnesses at his trial. We sustained that ruling on the basis of the need to keep order in the courtroom. In the instant case, no such need was present. The jury had been excused and all court business had been suspended during the jury's absence.

Having decided that the trial judge's order denied appellant his right to effective assistance of counsel, we need not discuss other errors asserted by appellant.

Judgment of sentence reversed and case remanded to the Court of Common Pleas of Philadelphia County for a new trial consistent with this opinion.

----

DISSENTING OPINION BY MR. JUSTICE POMEROY:

My reading of the record leads me to a different view of what occurred at the trial as far as the episode here under consideration is concerned; this different factual understanding leads me to conclude that the trial court was not in error in refusing to grant the motion for a mistrial.

The record as to this incident is contained entirely in a colloquy between court and counsel appearing at pages 609-610 of the notes of testimony. From those

notes it appears that, during a recess called at the request of a juror, the defendant, who was then on the stand, left the witness box without court permission, and started to confer with his counsel. At the request of the assistant district attorney, the court directed the defendant to resume the witness box. The court's refusal of permission to continue the conference with counsel was made, according to the trial judge, "because the jury was coming in and I had already instructed the jury be brought in". No prejudice is claimed to have resulted from this refusal and no request was made for a further recess to afford defendant and his counsel opportunity to confer together. The judge's action seems clearly to have been in aid of the orderly conduct of the trial.

Under the circumstances it is my view that this case is governed by *Commonwealth v. Christman*, 432 Pa. 455, 247 A.2d 451 (1968), and not by *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967), upon which the Court relies. As we said in *Christman*, "where there may be clear justification for the trial judge's order . . . at the least, prejudice must be shown" in order to entitle the defendant to relief. 432 Pa. at 460-61. For the reasons indicated, I respectfully dissent.

Mr. Chief Justice JONES joins in this dissenting opinion.