378 A.2d 1011

**COMMONWEALTH of Pennsylvania**

v.

**David BARBER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1976.

Decided Oct. 6, 1977.

Mitchell S. Lipschutz, Philadelphia, for appellant.

James J. Wilson, Assistant District Attorney, Philadelphia, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

■ Appellant must be awarded a new trial because of a violation of the rule of *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967).

At trial appellant took the stand. At the close of direct examination the court ordered a ten-minute recess, whereupon the following interchange occurred:

MR. YASKIN [Defense Counsel]: If the Court pleases during this recess I would like to have the opportunity, and if my client wishes, also that I consult with him.

THE COURT: Concerning his testimony on the stand?

MR. YASKIN: It may develop into that.

THE COURT: What do you wish to say, Mr. Keogh [District Attorney]?

MR. KEOGH: Off the record.

(Discussion off the record.)

THE COURT: Back on the record. It is indicated that defense counsel's discussion with his client does not concern his testimony so far on direct examination, per se. With that understanding—

MR. YASKIN: I may well go into his demeanor on the stand and a correction of his demeanor on the stand.

MR. KEOGH: I would have no objection to any mentioning of his demeanor on the stand, but *I strenuously object to counsel discussing direct statements or possible questions that may be asked on cross-examination.*

MR. YASKIN: I do not know at this point whether or not that will come up.

THE COURT: *If it does come up, you can just tell him you are not supposed to discuss it with him since he is on the stand and about to start cross-examination.* But as to discussing him demeanor and his hands, you can go right ahead.

N.T. at 289–90 (emphasis added).

While this direction to defense counsel was phrased colloquially ("you *can* just tell him you are not supposed to discuss it"), it was in response to the District Attorney's objection; in this context it could only be understood by counsel as a definite ruling that counsel *should* not discuss the testimony.*

This restriction on the scope of counsel's consultation with his client was error. *Commonwealth v. Logan,* 456 Pa. 508, 325 A.2d 313 (1974); *Commonwealth v. Vivian, supra; Commonwealth v. Werner,* 206 Pa.Super. 498, 214 A.2d 276 (1965). Prejudice need not be proved. *Commonwealth v. Vivian, supra.*

■ The Commonwealth argues that the error has been waived because "defense counsel did not object to the court's admonition not to discuss matters relating to appellant's testimony." We are not sure we understand this argument. If the Commonwealth means that defense counsel was obliged to note an exception to the court's ruling ("admonition"), or else be held to have waived the right later to argue

---

\* In *Commonwealth v. Werner,* 206 Pa.Super. 498, 214 A.2d 276 (1965), we reversed on the basis of a similar restriction, and stated:

[T]his court [will not] engage in nice calculations as to precisely what the trial judge meant to do or did not mean to do by his statement. An admonition "I don't want him to discuss this testimony with you", given by a judge to an officer of the court is not cured by the statement, "But you may ask him about witnesses . . . I did not mean to cut off communication between you." It is not the function of the trial judge to decide what a defendant's defense should be, nor when or how that defense should be planned, nor how much consultation between a defendant and his retained counsel is necessary to adequately cope with changing trial situations.

*Id.* 206 Pa.Super. at 501, 214 A.2d at 278.

that the ruling was error, the answer is that no exception was required. Pa.R.Crim.P. 1115(a). If the Commonwealth means that defense counsel acceded to the District Attorney's objection, *i.e.*, agreed that he would limit his consultation with appellant to "demeanor" and would not discuss "direct statements or possible questions that may be asked on cross-examination," we must observe that the record does not support the Commonwealth. Defense counsel opened his statement to the court by asking to "consult" with appellant. In answer to an inquiry by the court, counsel stated that the consultation might "develop into" a discussion of appellant's testimony on the stand. This was in essence a request for unlimited consultation, and was so understood by the District Attorney, who objected to any discussion of the testimony, as distinguished from demeanor. Defense counsel's reply to the objection ("I do not know at this point whether or not that [the testimony] will come up") cannot be understood as an agreement with the District Attorney; it was rather a mild-mannered insistence by counsel on his request for unlimited consultation, and was so understood by the court, which, as has been discussed, then denied the request.

*Commonwealth v. Scoleri*, 432 Pa. 571, 248 A.2d 295 (1968), may be distinguished. There, the trial judge instructed the defendant to discuss his testimony with no one, even his lawyer, during a lunch recess that interrupted the defendant's direct examination. Defense counsel had not requested leave to consult with his client prior to this admonition, nor did he object at the time. On these facts and on the failure to raise the point in a motion for a new trial, the Supreme Court found waiver. Here, appellant's counsel made an initial request for full consultation, he pressed the point during the argument on the District Attorney's objection, and he raised the issue properly in post-verdict motions.

In light of our disposition of this issue, it is unnecessary to discuss the other issues that have been raised.

Judgment of sentence reversed and new trial granted.